## HASKINS *v.* HASKINS.

1. DIVORCE—APPEAL AND ERROR—MANDATORY PRETRIAL REQUIREMENT—MODIFICATION OF JUDGMENT—WAIVER OF OBJECTION.

   Decision of question raised on appeal whether mandatory pretrial requirement applies to motions to enforce or modify a judgment is unnecessary in case where the record shows that the party stipulated in writing that the case would be set for trial at a designated time, because any error in not holding pretrial conference was waived (GCR 1963, 301).

2. SAME—DE NOVO REVIEW—FINDINGS OF TRIAL COURT.

   A reviewing court has an obligation in a divorce case to make a *de novo* determination of the facts, giving special consideration to the findings of the trial court.

3. SAME—DE NOVO REVIEW—EVIDENCE NOT IN RECORD—REPORT OF FRIEND OF THE COURT.

   Review *de novo* of trial court's finding that child of divorced parents is being properly cared for cannot be made when the court's finding is based on a report of the friend of the court which was not received in evidence and is not in the record (CL 1948, § 552.253).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 11.
[2] 24 Am Jur 2d, Divorce and Separation § 337.
[3-5] 24 Am Jur 2d, Divorce and Separation § 844 *et seq.*
[6] 24 Am Jur 2d, Divorce and Separation § 812 *et seq.*

4. SAME—MODIFICATION OF JUDGMENT—REPORT OF FRIEND OF THE COURT—EVIDENCE.

The report of the friend of the court, made in proceedings to modify a judgment of divorce, is authorized for the consideration of the circuit judge and, while not generally admissible in evidence, may, by agreement of all parties, be accepted in evidence as constituting an agreed statement of facts or record of testimony (CL 1948, § 552.253).

5. SAME—CHILD SUPPORT—PRINTED SCHEDULE OF PAYMENTS.

Uniform support schedules to be used in determining support payments for children in divorce cases have not been encouraged, but may be used where the parties stipulate to such use.

6. APPEAL AND ERROR—MODIFICATION OF JUDGMENT—CUSTODY OF CHILD—REPORT OF FRIEND OF THE COURT—EVIDENCE.

Order of trial court modifying judgment of divorce to increase child support payments based on a printed schedule, and denying motion of plaintiff father for change of custody of child based upon a report of the friend of the court that showed the child was being properly cared for by mother, which report was not received in evidence or made a part of the record on appeal, is remanded to the trial court for further proceedings (CL 1948, § 552.253).

Appeal from Shiawassee, Carland (Michael), J. Submitted Division 2 February 29, 1968, at Lansing. (Docket No. 3,937.) Decided May 28, 1968.

Complaint for divorce by Theron Haskins against Ernestine Haskins, and counterclaim for divorce by defendant against plaintiff. Judgment for defendant on the counterclaim, with custody of the child of the marriage in defendant. Motion by plaintiff to amend custody order to give custody to him. Motion by defendant to increase support payments. Motion of plaintiff denied, motion of defendant granted. Plaintiff appeals. Remanded for further proceedings.

*Edward S. Kulvander,* for plaintiff.

*Basso & Mark,* for defendant.

A. C. MILLER, J.   A judgment of divorce based on the counterclaim was granted on February 15, 1965, and custody of the minor child of the parties, namely, Timothy A. Haskins, born December 4, 1960, was given to the counterclaimant Ernestine Haskins, with day care to Helen Gooding, and generous week-end visitation to the father.   By stipulation of the parties, support was to be reviewed in accordance with a support schedule used by the court after the child started to school.   No appeal was taken from the original judgment, but later the counter-plaintiff petitioned for review of the support pursuant to the stipulation and judgment.   At the same time, counter-defendant petitioned to change custody alleging unfitness of the mother.

A hearing was held at which the father and five witnesses called by him testified.   A police record and mug shot were received in evidence.   The court made reference to the special report of the friend of the court, but it was not received in evidence nor does it appear as part of the record on appeal.

The questions presented for consideration may be summarized as follows:

1. Does the mandatory pretrial requirement apply to petitions to enforce or modify a judgment?

2. May the trial court consider the friend of the court report in making its decision over timely objection?

3. Did the trial court err in its conclusion that the association of mother and male companion did not adversely affect the welfare of the child?

4. Did the court err in increasing the support based on a printed schedule?

The first question is novel, but a decision is unnecessary on this record because the parties stipulated in writing as follows:

"Now come the parties, by their attorneys of record, and stipulate and agree that the above entitled cause be set for trial on April 19, 1967 at 1:30 p. m."

It was tried on that date and any error was waived.

The second question poses a more serious problem. The court stated:

"I have before me, in addition to the proofs offered, a special report of the friend of the court.

"*Mr. Kulvander:* Your Honor please, may I interrupt? If the court please, we object to the admission of this special report of the friend of the court, when the friend of the court is here present in court, and could give testimony.

"*The court:* Whether it is entered in evidence or not, I intend to take it into consideration in determining this case. He has, from time to time, received complaints from Mr. Haskins. As the result of Mr. Haskins' requests, he has made certain investigations, and as a result of these investigations, he has found nothing which would indicate that the child is being improperly cared for. He found that the child is properly dressed, adequately clothed, attending school on a regular basis; in his opinion the welfare of the child does not indicate, nor does not demand that the custody be changed. Therefore, the petition is denied."

It is the obligation of the reviewing court to make a *de novo* determination of the facts, subject to giving special consideration to the findings of the trial court. This rule is well established and was recently restated in *Fish* v. *Fish* (1966), 4 Mich App 104, 107, quoting *Chubb* v. *Chubb* (1941), 297 Mich 501, 506:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo*, especial consideration is given to such findings."

It is impossible to review *de novo* when the basis of the court's finding was not received in evidence and is not in the record. The decision of this issue is mandated by the ruling in *Krachun* v. *Krachun* (1959), 355 Mich 167, 169, where the Supreme Court stated:

"Such a report [friend of the court] is authorized by statute for the consideration of the circuit judge. CL 1948, § 552.253 (Stat Ann 1957 Rev § 25.174); *Metzinger* v. *Metzinger*, 310 Mich 335. It is not generally admissible in evidence. *Brugel* v. *Hildebrant,* supra. It may, however, *by agreement of all parties* be accepted in evidence as constituting an agreed statement of facts or record of testimony. *Bowler* v. *Bowler*, 351 Mich 398.

"It is perhaps unnecessary to state that such agreement must be indicated in some definite fashion on the record. We find no such agreement recorded here.

"Without further comment on the merits of the other issues which counsel seek to submit, we vacate the order modifying the decree, and remand for hearing in accordance with this opinion."

The additional questions become unnecessary to a decision. It should be noted, however, that while the use of uniform support schedules has not been encouraged, the parties stipulated to its use in this instance.

Remanded for further proceedings in accordance with this opinion. Costs to appellant.

McGREGOR, P. J., and J. H. GILLIS, J., concurred.