BEDFORD v BEDFORD

1. DIVORCE—FRIEND OF THE COURT—REPORT—MODIFICATION OF JUDG-
MENT—EVIDENCE—EXTRANEOUS MATTER—OBJECTIONS—PRE-
SERVING ISSUE.

A trial judge properly considered a report from the Friend of the
Court in determining whether a divorce judgment should be
modified with respect to support payments where·he made it
clear to both counsel that he was seeking an investigation by
. and a report from the Friend of the Court, that each counsel
would receive a copy of the report, and that after the report
was delivered to the court he would make his decision, and
when the investigation was made, a detailed report was sub-
mitted to the court, and counsel received copies; such a report
was not "extraneous matter" when considered with other evi-
dence submitted at the hearing when neither counsel had any
objection to consideration of the report and it was the duty of
counsel to speak up if there were any objection.

2. DIVORCE—FRIEND OF THE COURT—CHILD SUPPORT—PAYMENT DELIN-
QUENCY—SETTING PAYMENTS.

The Friend of the Court may recommend to a court what addi-
tional payments are needed to reduce a delinquency in child
support payments but it cannot "set" payments of delinquen-
cies or any other kind of payments, because setting payments is
a judicial function.

Appeal from Alpena, Philip J. Glennie, J. Sub-
mitted Division 3 June 6, 1973, at Grand Rapids.
(Docket No. 14907.) Decided September 24, 1973.

Complaint for divorce by F. Kaye Bedford
against Arden R. Bedford. Judgment for plaintiff.
Motion by defendant to decrease support payments

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Amicus Curiae §§ 4, 5.
[2] 4 Am Jur 2d, Amicus Curiae § 2.
  24 Am Jur 2d, Divorce and Separation § 872.

denied. Defendant appeals. Affirmed and re-
manded for modification of order.

*Thomas R. Rensberry, P. C.,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and
O'HARA,* JJ.

O'HARA, J. This is an appeal of right by defend-
ant husband from an order denying modification of
a judgment of divorce.

The judgment was entered January 14, 1972. On
April 26, 1972, appellant by counsel other than the
attorney of record in the case in chief filed a
petition to modify the judgment. The petition re-
cites that:

"Defendant's petition is based on the attached affida-
vit and on facts to be presented to the court by a
hearing wherein defendant will show that the economic
status of the parties has changed substantially since the
judgment was entered and that the defendant can no
longer afford and has not been able to afford to pay the
support payments in the amount of sixty ($60) dollars
per week in that he is no longer employed in the same
capacity as he was at the time of judgment.
"Petitioner further states that plaintiff no longer
needs the sixty ($60) per week for the support of the
children."

The accompanying affidavit tells us that instead
of $238.23 per week take home pay at the time of
the entry of the judgment, the defendant's income
as of the date of the execution of the affidavit is
$77 per week unemployment benefits. Surely this
is a classic case for relief based upon a change of
financial circumstances.

Because we were concerned we ordered up the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

total record, pleadings, docket entries and the transcript of the testimony upon the hearing of the motion to modify. We have reviewed the record with microscopic care. It makes interesting reading. In addition to examination by both counsel of record, the Friend of the Court entered an appearance and also examined defendant. This examination elicited the information that between the time of the entry of the judgment of divorce and the date of the hearing on the motion to modify it, defendant managed to accumulate an arrearage of approximately $1,100. It further established that defendant was not laid off until April 12, 1972. Thus except for seven or eight weeks defendant's income was the same as it was at the time of the entry of the judgment. The record strongly suggests, though it does not conclusively establish, that the terms of the judgment were arrived at by negotiation between defendant's then counsel and counsel for plaintiff wife.

It would have been better practice to make of record the fact that the terms of the judgment were a matter of stipulation—if indeed they were.

The transcript establishes that defendant is a certified welder and a licensed pipe fitter. It further establishes that except for waiting for a call back to work from his former employer he made no effort to find work in his skilled trades elsewhere. Defendant candidly admitted that the time of year of the hearing of his petition and the time of year since his layoff was the season generally known as the best part of the year for pipe fitters and certified welders.

The trial judge noted on the record:

"I think I have heard as much as I care to in this case. I refer the matter to the prosecutor's office. * * * I think after a proper investigation, you [Friend of the

Court] make your report to the court and give counsel a copy and then I'll make my decision * * * ."

The investigation was made and a detailed report was submitted to the court. So far as the record shows both counsel received a copy. At least appellant does not complain that he did not.

The trial judge entered a detailed order denying the petition to modify the judgment and providing for payments of support at the original figure of $60 per week together with "such other additional payments to reduce the delinquency now due on such child support payments in such amount as shall be set by the office of the Friend of the Court for the County of Alpena". A stay of execution was issued upon the furnishing of a bond. In the order staying the execution the trial court ordered that the defendant pay $40 per week as child support and that:

"Defendant shall still be responsible * * * for the $20 per week payment which this court is hereby staying execution upon and shall constitute an arrearage should the Court of Appeals affirm the order of this court appealed from."

The appeal in this case, to consolidate the grounds asserted, amounts to claimed error on the part of the trial judge in using "extraneous evidence not presented at the time of hearing and clearly abusing its discretion in ignoring defendant's testimony completely".

As to the "extraneous matter" issue, the trial court made crystal clear to both counsel that he was seeking a report from the Friend of the Court's office, and that each counsel would receive a copy thereof, and after the report was delivered to the court, he would make his decision. If either counsel had any objection it was his duty to speak

up—as the saying goes—loud and clear. Whatever the merit of this claimed error, if any, clearly it is not before us.

As to the abuse of discretion in disregarding completely defendant's testimony, we think rather the trial judge not only did not disregard it, he was led to his conclusion by it. We find no merit in the claimed errors. *Haskins v Haskins,* 11 Mich App 487; 161 NW2d 415 (1968), cited by appellant, if authority for anything relevant hereto, supports our legal conclusion that it was received by agreement. This is especially true when appellant stated from the stand he would itemize for the Friend of the Court's office all his expenses.

The wording of the order we quoted earlier herein providing for "such other additional payments to reduce the delinquency * * * as shall be set by the office of the Friend of the Court" is both unfortunate and legally infirm. It may have slipped into the record without notice by the learned trial judge. Obviously, the office of the Friend of the Court cannot "set" payments of delinquencies or any other kind of payments. Recommend it can, exercise judicial functions it cannot. To this extent the order quoted is vacated and held for naught.

The trial judge reserved to himself continuing jurisdiction to modify the stay order "should the Court of Appeals affirm".

We do to the extent that we affirm the order denying the petition for modification of the judgment of divorce. We remand to the trial court for the limited and specific purpose of allowing the trial judge to enter a separate order incorporating the payments of child support and delinquency payments which were embodied in the order staying execution of the judgment. We retain no jurisdiction.

In view of the fact that appellee neither filed a brief nor in any other way participated in proceedings in this Court, no costs of this Court are awarded.

All concurred.