576 P.2d 1135

**Dorothy Ann PITCHER,**
**Plaintiff-Appellant,**

v.

**Lincoln H. PITCHER, Jr.,**
**Defendant-Appellee.**

**No. 11657.**

Supreme Court of New Mexico.

April 10, 1978.

Melvyn D. Baron, Albuquerque, for plaintiff-appellant.

Lincoln H. Pitcher, Jr., pro se.

## OPINION

McMANUS, Chief Justice.

Plaintiff-appellant (wife) commenced proceedings in the District Court of Bernalillo County to compel the defendant-appellee (husband) to make delinquent child support payments as set forth in a final divorce decree entered in 1974. The amount of the support payments had been determined by stipulation of the parties. By mutual consent custody of the parties' minor child was awarded to the wife.

The husband filed a motion seeking, among other things, to reduce the amount of the support payments alleging significant changes in circumstances. The motion was dismissed by the trial court on the basis that the same was defective. No further action was taken by the appellee.

Following a hearing the trial court granted judgment in favor of the wife for the total amount of the delinquent child support payments. In addition the court reduced the support payments from $300 to $150 monthly. It is from this ruling reducing the support payments that the wife appeals.

The limited issue before this Court is whether there was substantial evidence before the trial court to support a finding to reduce the amount of the support payment.

Section 22–7–11.1(A), N.M.S.A.1953 (Supp.1975) provides that in any proceeding where a court has the authority or duty to determine liability of a parent for the amount of support for minor children, that the court:

> shall make a specific determination and finding of the amount of support to be paid by a parent to provide properly for the care, maintenance and education of the minor children, *considering the financial resources of the parent.* (Emphasis added.)

At the hearing no evidence was before the trial court as to the salaries or financial resources of the husband or the wife. The court, on its own motion, reduced the support payments.

Findings may not rest upon mere speculation and conjecture, *Matter of Briggs,* 91 N.M. 84, 570 P.2d 915 (1977). Without any substantial evidence by which the trial court could base an award of child support the ruling reducing the amount of the support payments must be reversed.

The trial court's ruling reducing the child support payments is reversed.

IT IS SO ORDERED.

SOSA and FEDERICI, JJ., concur.