*In re* MARRIAGE OF DELORES JOSEPHINE EBERT, Petitioner-Appellee, and KENNETH ROBERT EBERT, Respondent-Appellant.

Fifth District    No. 79-211

Opinion filed February 7, 1980.

Douglas R. Mendenhall, of Allen & Stalker, of Alton, for appellant.

Earl L. Vuagniaux and Stephanie Robbins, both of Edwardsville, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from the judgment of the Circuit Court of Madison County denying respondent Kenneth Ebert's petition to reduce his child-support payments and granting Delores Ebert Zirges a $30 increase in monthly support payments for each of the parties' two minor sons.

The parties were divorced in 1973. The divorce decree granted petitioner custody of the children, then ages 7 and 10, and ordered respondent to pay $120 child support monthly for each boy. Respondent was then working for the Internal Revenue Service. In June 1978, petitioner filed a petition to modify the support provisions of the decree on

grounds that increases in the boys' expenses as they grew older amounted to a substantial change in circumstances. Respondent then filed a petition for modification seeking a reduction in payments. As grounds, respondent asserted that his employment was terminated in April 1978, because of medical disability caused by ulcers. After a hearing, the court denied respondent's petition, finding that his unemployment was voluntary and not in good faith. The court ordered him to increase his monthly payments to $150 monthly for each boy. Respondent appeals the denial of his petition and the modification granted to Delores.

■■ The issue to be resolved concerning respondent's petition for modification is whether his present employment status constitutes a substantial change in circumstances within the meaning of section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 510) so as to excuse his support obligation. Respondent relies on the Civil Service Commission's certification of his disability for pension purposes as evidence that his unemployment is in good faith. We do not regard the Civil Service determination as conclusive inasmuch as we are not concerned with respondent's ability to perform his specific employment as a claims adjustor with the Internal Revenue Service (IRS), but rather with his obligation and ability to secure employment generally and contribute to the support of his children.

Respondent did not introduce any medical evidence substantiating his disability. He admitted that he had never asked a doctor whether his ulcers were job related and had never been advised by a physician to resign for medical reasons. He last consulted a doctor in February 1978, two months before he resigned, and was not under a doctor's care at the time of the hearing. He acknowledged that he took ulcer medication about one quarter of the time prescribed and that he had not followed medical advice concerning diet. He was, however, trying to cut down on smoking and alcoholic beverages. Following his retirement, he took several vacations and did not curtail traveling activities.

Respondent relies on *Elizer v. Elizer* (1976), 36 Ill. App. 3d 552, 344 N.E.2d 493, for the proposition that adverse changes in business or employment will justify a reduction in support obligations. *Elizer* should not be read so broadly, however, as it involved a factual situation markedly different from the one before us. In *Elizer*, the husband's corporation had failed and could no longer pay his salary. At the time his petition for modification was granted, he was trying to sell the business and was actively seeking other employment. Respondent's situation is not analogous and *Elizer* does not support his position.

■■ The trial court found from the evidence that respondent's change in employment status was voluntary and not done in good faith, but with the idea of evading his responsibility. Unless good faith is shown, a voluntary

termination of employment by a supporting spouse is not considered a material change in circumstances sufficient to warrant abatement or modification of support obligations. (*Glass v. Peitchel* (1976), 42 Ill. App. 3d 240, 355 N.E.2d 750.) The crucial consideration is whether the change in status was prompted by a desire to evade responsibility. (*Graham v. Graham* (1974), 21 Ill. App. 3d 1032, 1036, 316 N.E.2d 143, 146.) Petitioner stated that several months prior to this litigation she asked her ex-husband to increase his support payments voluntarily and he refused, responding that if she pursued the matter he would see that she received nothing at all. Respondent denied any recollection of this conversation.

■■ The trial court's determination that respondent's retirement was not in good faith is supported by the manifest weight of the evidence. Accordingly, the court's decision to deny respondent's petition was not an abuse of discretion.

Mrs. Ebert's petition alleged a material change in circumstances surrounding the needs of the children and respondent's ability to pay child support, in that the children's expenses had increased with their ages and the passage of time. We read the petition as incorporating claims of increased costs as well as increased activities of the boys as they grew older. Petitioner testified that she felt the boys' expenses had increased over the years. She testified that at the time of the divorce and initial support hearing, "[t]hey were younger children like in elementary school, and now they are teenageers, and I just feel that with their activities and clothes and insurance and everything it's increased quite a bit." She also stated that she expected even higher medical and educational costs for one of the boys. Her record of current expenses, totaling approximately $800 monthly, was admitted into evidence.

■■ Petitioner testified further that her net monthly income from employment as a school counselor was $839. Her gross annual income is $15,000. At the time of the divorce, petitioner was earning $10,000 annually as a substitute teacher. The trial court found that the increase in petitioner's salary had been more than offset by increases in the cost of raising the children. The court's decision will not be disturbed on review unless it involves a clear abuse of discretion. (*Legan v. Legan* (1979), 69 Ill. App. 3d 304, 387 N.E.2d 413.) We conclude from the record that the trial court was correct. In assessing evidence of increased need, the court may consider increases in the children's ages and the costs of living, recognizing that this latter factor affects both parties. *Juen v. Juen* (1974), 24 Ill. App. 3d 140, 320 N.E.2d 431; *In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279; *Addington v. Addington* (1977), 48 Ill. App. 3d 859, 363 N.E.2d 151.

■■ In addition to considering the needs of the children, the trial court in granting a modification of support must consider the contributing

48

spouse's ability to pay increased su..ns. (*Sullivan v. Sullivan* (1978), 57 Ill. App. 3d 958, 373 N.E.2d 829.) Considering only respondent's employment with the Internal Revenue Service, he earned $18,000 in 1973, $24,700 in 1977, and would have earned $26,000 in 1978, had he not voluntarily terminated his employment midyear. Petitioner's showing of this steady increase in respondent's salary from 1973 up to one month prior to the second hearing, that he could return to his position with the Internal Revenue Service whenever he wished, and his lack of good faith in voluntarily changing his employment status is sufficient to support the trial court's order granting a small increase in support payments.

The judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

SPOMER and KASSERMAN, JJ., concur.