735 P.2d 326

**Stephen Alan WOLCOTT,
Petitioner-Appellant,**

v.

**Sandra Lee WOLCOTT,
Respondent-Appellee.**

**No. 9308.**

Court of Appeals of New Mexico.

March 5, 1987.

Certiorari Denied April 9, 1987.

Armand T. Carian, Mark Shapiro, Albuquerque, for petitioner-appellant.

Joseph J. Mullins, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for respondent-appellee.

**OPINION**

FRUMAN, Judge.

Our opinion, previously filed on February 3, 1987, is withdrawn and the following opinion is substituted therefor.

Husband appeals from the denial of his post-divorce motions to reduce or abate his child support obligation and to terminate or abate his alimony obligation. Husband relied upon his voluntary change of employment, which resulted in a major reduction of his income, as the substantial change of circumstance justifying his motions. In denying these motions, the trial court found that husband had not acted in good faith with regard to his support obligations when he changed employment.

Husband's issues on appeal are: "1. Whether the voluntary career change of a professional never justifies modification of his support obligation, even if undertaken in good faith;" and 2. Whether there is substantial evidence to support the trial court's finding that husband was not acting in good faith when he changed specialty.

As the first issue is presented in the abstract, it would require an advisory opinion on review. This court does not give advisory opinions. *In re Bunnell*, 100 N.M. 242, 668 P.2d 1119 (Ct.App.1983). Although the first issue will not be directly addressed, it will be generally considered in our review of the second issue. We affirm the trial court on the second issue.

**FACTS**

Following their marriage of thirteen years, the parties were divorced in December 1983. Pursuant to the marital settlement agreement incorporated into the decree of dissolution, husband was to pay $1,500 monthly for the support of the three minor children, and $300 monthly for alimony for a period of five years. At the time of the divorce, husband was a physician specializing in obstetrics and gynecology in Albuquerque.

For a number of years husband had considered changing his specialty to psychiatry. In March 1985, he was accepted in a psychiatric residency program in Washington, D.C. Husband closed his Albuquerque office in June 1985 and commenced his residency the following month. The duration of the program is three to four years, and during this period, husband's annual gross income will range from approximately $21,000 to $24,000. This salary is approximately one-fourth of his annual gross income during the several years prior to and the year following the divorce.

In June 1985, husband unilaterally reduced his combined monthly child support and alimony payment from $1,800 to $550, contrary to the terms of the marital settlement agreement and without judicial approval or forewarning his former spouse.

## DISCUSSION

Husband contends that the denial of his motion for reduction of support payments was erroneously based on the trial court's finding of a lack of good faith in changing his specialty and that there was not substantial evidence to support this finding.

To justify modification in the amount of child support already awarded, there must be evidence of a "substantial change of circumstances which materially affects the existing welfare of the child and which must have occurred since the prior adjudication where child support was originally awarded." *Henderson v. Lekvold,* 95 N.M. 288, 291, 621 P.2d 505, 508 (1980). *See Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978). A similar change in circumstances of the supported spouse must be shown before the request may be granted as to alimony. *See Brister v. Brister,* 92 N.M. 711, 594 P.2d 1167 (1979). The recipient's actual need for support is the essential criterion. *See Weaver v. Weaver,* 100 N.M. 165, 667 P.2d 970 (1983); *Brister v. Brister.*

Husband, as the petitioner for the modification, had the burden of proving to the trial court's satisfaction that circumstances had substantially changed and, thereby, justified his requests. *See Smith v. Smith,* 98 N.M. 468, 649 P.2d 1381 (1982);

*Spingola v. Spingola.* Any change in support obligations is a matter within the discretion of the trial court, and appellate review is limited to a determination of whether that discretion has been abused. *Henderson v. Lekvold.* If substantial evidence exists to support the trial court's findings, they will be upheld. *See Chavez v. Chavez,* 98 N.M. 678, 652 P.2d 228 (1982). *Cf. Pitcher v. Pitcher,* 91 N.M. 504, 576 P.2d 1135 (1978).

The common trend in various jurisdictions is that a good faith career change, resulting in a decreased income, *may* constitute a material change in circumstances that warrants a reduction in a spouse's support obligations. *See Thomas v. Thomas,* 281 Ala. 397, 203 So.2d 118 (1967); *Graham v. Graham,* 21 Ill.App.3d 1032, 316 N.E.2d 143 (1974); *Schuler v. Schuler,* 382 Mass. 366, 416 N.E.2d 197 (1981); *Giesner v. Giesner,* 319 N.W.2d 718 (Minn.1982); *Fogel v. Fogel,* 184 Neb. 425, 168 N.W.2d 275 (1969); *Nelson v. Nelson,* 225 Or. 257, 357 P.2d 536 (1960); *Anderson v. Anderson,* 503 S.W.2d 124 (Tex.Civ.App. 1973); *Lambert v. Lambert,* 66 Wash.2d 503, 403 P.2d 664 (1965). Likewise, where the career change is not made in good faith, a reduction in one's support obligations will not be warranted. *See In re Marriage of Ebert,* 81 Ill.App.3d 44, 36 Ill.Dec. 415, 400 N.E.2d 995 (1980) (evidence of a desire to evade support responsibilities); *Moncada v. Moncada,* 81 Mich. App. 26, 264 N.W.2d 104 (1978) (no evidence that husband acted in bad faith or with willful disregard for the welfare of his dependents); *Bedford v. Bedford,* 49 Mich. App. 424, 212 N.W.2d 260 (1973) (husband voluntarily avoided re-employment opportunities); *Nelson v. Nelson* (no evidence that the sale of a medical practice and assumption of clinic duties, resulting in a decrease in income, was made to jeopardize the interests of the children); *Commonwealth v. Saul,* 175 Pa.Super. 540, 107 A.2d 182 (1954) (husband literally gave away assets available for support payments). *See generally* Annot., 89 A.L.R.2d 1 at 54 (1963).

Husband challenges the trial court's findings that: (1) at the time husband entered

the marital settlement agreement, he had planned to terminate his private practice and return to school, but did not so advise wife; (2) although wife may have had prior knowledge of husband's future employment desires, she had no reason to believe that he would effect a career change upon entering the settlement agreement, if it interfered with the support obligations he was assuming; and (3) husband was not acting in good faith with regard to his child support and alimony obligations when he voluntarily made his career change.

The record contains both direct and reasonably inferred evidence from the testimony of the parties to support the first two challenged findings. The third finding is supported by evidence of husband's disregard for several financial obligations undertaken by him in the marital settlement agreement, by his failure or inability to make a full disclosure of his income and assets to wife and the court, and by his self-indulgence with regard to his own lifestyle and personal necessities without regard to the necessities of his children and his former spouse. We find this evidence sufficient to support the trial court's decision to deny husband's petition for a modification of his child support obligation.

Husband also argues that, during their marriage, wife was willing to make changes in the family's lifestyle as would be necessary to accommodate his career change. Because of this, husband contends that his career change following the divorce does not indicate a lack of good faith. Husband did not, however, request a finding as to this contention, and his failure to do so waives any merit the argument may have. *See Worland v. Worland,* 89 N.M. 291, 551 P.2d 981 (1976).

In the determination of alimony, the recipient's actual need for support is the focal point. *See Brister v. Brister.* While husband did request a finding as to wife's employment and there was testimony as to her employment, there was also testimony indicating her continued need for alimony. We find this evidence sufficient to support the trial court's decision to continue wife's alimony.

Although husband asserts that his voluntary career change was made entirely in good faith, without a disregard of the welfare of his children and former spouse, this change does not automatically mandate a reduction in his support obligation. *See Spingola v. Spingola.* The decision as to reducing or maintaining the support obligation rests within the trial court's discretion. *Id.*

We recognize that the "responsibilities of begetting a family many times raise havoc with dreams. Nevertheless, the duty [to support] persists, with full authority in the State to enforce it." *Romano v. Romano,* 133 Vt. 314, 316, 340 A.2d 63, 64 (1975).

Based upon our review of the record we conclude that the decision of the trial court does not constitute an abuse of its discretion. Its decision is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.