Diane L. SPANGLER, Plaintiff and Respondent,

v.

Martin Allen SPANGLER, Defendant and Appellant.

No. 14643.

Supreme Court of Utah.

March 17, 1977.

---

2. See *Westinghouse Electric Supply Co. v. Paul W. Larsen Contractor, Inc.*, Utah, 544 P.2d 876 (1975) and cases cited therein.

Pete N. Vlahos, of Vlahos & Knowlton, Ogden, for defendant and appellant.

C. C. Patterson and Robert A. Echard, Ogden, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant appeals from a decree of divorce asserting the distribution of property between the parties was inequitable and constituted an abuse of discretion by the trial court.

The parties were married in June, 1968. Plaintiff traced certain assets she owned prior to her marriage, and the trial court awarded her a cottage (she utilized as a rental property) as an investment representing her pre-marital assets. The court further found the parties had a $3,000 equity in the family home. Defendant was awarded a lien of $1,500 on this house, which was to be discharged upon plaintiff's remarriage, the sale of the home, or their minor child attaining his majority.

Each party was to discharge his own debts; plaintiff waived alimony. Defendant was ordered to pay child support of $75 per month, which was to increase to $135 per month, when he found employment with a take home income of $400 per month.

Defendant contends his contributions to the family assets were much greater. His testimony was vague and unsupported. Defendant did present records of his yearly income, but his wife testified he was absent from the state frequently while working, and he sent no money to the family. He presented no records to discount her testimony. She was compelled to liquidate certain assets to sustain the family and discharge indebtedness incurred by both parties.

The trial court has considerable latitude of discretion in adjusting financial and property interests in a divorce action. Defendant has not sustained his burden to prove the evidence clearly preponderated against the findings; or such a serious inequity had resulted as to manifest a clear abuse of discretion; or there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error.[1] A review of the record sustains the order of the trial court. Plaintiff is awarded her costs.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

1. *Baker v. Baker*, Utah, 551 P.2d 1263 (1976).