669 P.2d 1002

Charles L. **RICHARDS**,
Petitioner/Appellee,

v.

Lois L. **RICHARDS**,
Respondent/Appellant.

No. 2 CA–CIV 4660.

Court of Appeals of Arizona,
Division 2.

May 24, 1983.

Rehearing Denied June 30, 1983.

Review Denied Sept. 15, 1983.

Vincent & Gjurgevich by Edward C. Vincent, Tucson, for petitioner/appellee.

E.F. Rucker, Tucson, for respondent/appellant.

## OPINION

HATHAWAY, Judge.

The parties' marriage of 28 years was dissolved on July 21, 1975. On April 26, 1982, after hearing the parties' cross-petitions asserting changed circumstances, the court modified the dissolution decree to terminate the $450 monthly spousal mainte-

nance to Lois and deleted paragraph 8 from the decree which prohibited Charles from terminating Lois' rights under the military survivor benefit plan whereby the federal government would pay to the beneficiary of the deceased military pensioner 55% of the pension after the death of the pensioner. Charles was 60 years old at the time of the hearing and Lois was 54.

Appellant challenges the trial court's termination of spousal maintenance and deletion from the decree of the provisions made for her under the survivor benefit plan. We reverse.

## SPOUSAL MAINTENANCE

Appellant contends that there has been no change in the circumstances of the husband which could support the trial court's finding of fact that the appellee's "... income has been substantially reduced ..." and that appellant "is able to support herself through appropriate employment and has earning ability in the labor market to adequately support herself." We agree with appellant.

Although appellee has a heart condition and has retired, the evidence shows that there has been no reduction of his income. The maintenance award of $450 monthly comprises a smaller percentage of appellee's income at present, i.e., 16% in 1982, as compared to 24% in 1975 when the award was made.

A prerequisite to modification of support is a showing of changed circumstances which are substantial and continuing. A.R.S. § 25–327(A); *Scott v. Scott,* 121 Ariz. 492, 591 P.2d 980 (1979); *Beck v. Jaeger,* 124 Ariz. 316, 604 P.2d 18 (App. 1979). The changed circumstances alleged must be proved by a comparison with the circumstances existing at dissolution. *Scott v. Scott,* supra. The uncontradicted facts show that appellee had less income and more debts at the time of dissolution than when the maintenance order was terminated. Appellee contends that medical expenses incurred as a result of the heart situation have not been covered by insurance. The record is not clear on this point

and although it appears that some of appellee's savings were drawn upon to meet these medical expenses, it does not appear that his financial situation has in any way been substantially compromised.

Appellant's affidavit indicated that her living expenses amounted to $814.25 each month. Testimony was given by Ron Baker that she was qualified to do full time clerical work which would pay $603 to $944 each month. Appellant works in real estate sales which have been depressed. She was of the opinion that she would be unable because of her physical condition to work full time in clerical work which Ron Baker testified was available. Thus, it appears that the trial court terminated the spousal maintenance award, at least in part, in anticipation of future income that appellant may earn. Such matters are best left to future modification proceedings. *In re Marriage of Hinkston,* 133 Ariz. 592, 653 P.2d 49 (App.1982); *Lindsay v. Lindsay,* 115 Ariz. 322, 565 P.2d 199 (App.1977).

The record does not support the conclusion that appellant has sufficient property to provide for her needs. She has an interest in a mountain cabin owned with two other members of her family. Any sale would require their joinder and the proceeds would be small. The rental property that she holds is encumbered by two mortgages and cashing in the equity was not shown to be feasible. The house that she was awarded through the decree of dissolution is used as her residence. It was acquired during the marriage and there is no requirement that she sell it to live in an apartment which the testimony indicated would require a greater cost.

We find that continuation of the spousal maintenance award of $450 per month is required by appellant and that the evidence does not support its termination.

## SURVIVOR BENEFIT PLAN

Charles testified that he deleted Lois as beneficiary under the survivor benefit plan and upon remarriage designated his

present wife as the beneficiary in March of 1981. He explained that he made the change because he understood that the then existing federal statute did not permit the designation of his former wife as beneficiary.[1]

The federal statute which led the trial court to delete paragraph 8 from the decree was subsequently changed by Public Law 97–252, September 8, 1982.[2]

Appellant contends that the amended law clarifies the situation as to her entitlement to be designated as a beneficiary, and clearly permits the inclusion of a former spouse.

She also argues that appellee is estopped from raising any impediment which may have existed prior to the amendment, since he has accepted the benefits of the decree. Appellant offers substantial authority in support of her argument. We prefer, however, to resolve the matter on the basis of res judicata. *Rodriguez v. Rodriguez,* 133 Ariz. 88, 649 P.2d 291 (App.1982), approved 133 Ariz. 87, 649 P.2d 290 (1982).

The trial court is directed to require appellee to change the beneficiary designation for the survivor benefit plan from his current wife to appellant. In the event appellee refuses to voluntarily do so, or in the

---

1. 10 U.S.C. § 1447 (1972) provided in part:
"§ 1447. Definitions
In this subchapter:
(1) 'Plan' means the Survivor Benefit Plan established by this subchapter.
   \* \* \* \* \* \*
(3) 'Widow' means the surviving wife of a person who, if not married to the person at the time he became eligible for retired or retainer pay—
(A) was married to him for at least two years immediately before his death; or
(B) is the mother of issue by that marriage."
§ 1450 provided in part:
"§ 1450. Payment of annuity: beneficiaries
(a) Effective as of the first day after the death of a person to whom section 1448 of this title applies, a monthly annuity under section 1451 of this title shall be paid to—
(1) the eligible widow or widower."

2. Public Law 97–252, September 8, 1982, amends Sections 1447, 1448 and 1450 of 10 U.S.C.
"Sec. 1003. (a) Section 1447 of title 10, United States Code, is amended by adding at the end thereof the following new paragraphs:
'(6) 'Former spouse' means the surviving former husband or wife of a person who is eligible to participate in the Plan.
   \* \* \* \* \* \*
(8) 'Court order' means a court's final decree of divorce, dissolution, annulment, or legal separation, or a court ordered, ratified, or approved property settlement incident to such a decree (including a final decree modifying the terms of a previously issued decree of divorce, dissolution, annulment, or legal separation, or of a court ordered, ratified, or approved property settlement agreement incident to such previously issued decree).
   \* \* \* \* \* \*

(b)(1) Section 1448(a) of such title is amended—
   \* \* \* \* \* \*
(2) Section 1448(b) of such title is amended to read as follows:
'(b)(1) A person who is not married and does not have a dependent child when he becomes eligible to participate in the Plan may elect to provide an annuity to a natural person with an insurable interest in that person or to provide an annuity to a former spouse.
(2) A person who is married or has a dependent child may elect to provide an annuity to a former spouse instead of providing an annuity to a spouse or dependent child if the election is made in order to carry out the terms of a written agreement entered into voluntarily with the former spouse (without regard to whether such agreement is included in or approved by a court order).'
   \* \* \* \* \* \*
(d) Section 1450(f) of such title is amended to read as follows:
'(f)(1) A person who ...
   \* \* \* \* \* \*
(2) A person who, incident to a proceeding of divorce, dissolution, annulment, or legal separation, enters into a voluntary written agreement to elect under section 1448(b) of this title to provide an annuity to a former spouse and who makes an election pursuant to such agreement may not change such election under paragraph (1) unless—
(A) in a case in which such agreement has been incorporated in or ratified or approved by a court order, the person—
(i) furnishes to the Secretary concerned a certified copy of a court order which is regular on its face and modifies the provisions of all previous court orders relating to the agreement to make such election so as to permit the person to change the election; and
(ii) certifies to the Secretary concerned that the court order is valid and in effect;"

event that federal regulations would preclude such a change as long as his present wife is living, the court shall determine by the use of actuarial tables the amount appellant would receive if the change were made. Appellee will then be required to obtain insurance naming appellant as beneficiary, or otherwise provide sufficient proof to the court that his estate will contain sufficient funds to pay said amount to appellant. If the latter course is followed, the court shall enter an appropriate order protecting appellant's interest.

Reversed and remanded for further proceedings consistent with this decision.

HOWARD, C.J., and BIRDSALL, J., concur.