706 P.2d 1238

**John B. REEVES, Petitioner/Appellant,**

**v.**

**Anvline REEVES, Respondent/Appellee.**

**No. 2 CA–CIV 5255.**

Court of Appeals of Arizona,
Division 2, Department B.

May 2, 1985.

Review Denied Oct. 1, 1985.

Present Legal Service Center by Sharon Douglas, Tucson, for petitioner/appellant.

Rubin & Myers by Scott E. Myers, Tucson, for respondent/appellee.

## OPINION

LIVERMORE, Judge.

The Reeves' marriage of 37 years was dissolved by decree entered in June 1984. Mrs. Reeves suffered medical problems, had a tenth grade education and had worked in the home throughout her marriage. Mr. Reeves was 61 years old. The decree awarded $400 each month in spousal maintenance to Mrs. Reeves. The decree stated that:

> "The Court notes the present plans of petitioner to retire in approximately May of 1985, at age 62 years, and to then commence receiving Social Security and union pension benefits. However, at that time respondent will be only age 57 or 58 years and will not be entitled to Social Security benefits on petitioner's account until she is age 62. If he voluntarily chooses to retire at age 62 or at anytime before age 65 and his income is reduced thereby, such will not be grounds to reduce spousal maintenance. It is the court's intention that, if petitioner retires at age 65 or is retired then or later, and there has been a substantial and continuing change in petitioner's income, the amount, terms and conditions for spousal maintenance may be modified."

Mr. Reeves appeals from this portion of the decree arguing that it forecloses him from making a showing of changed circumstances if he retires at age 62.

A.R.S. § 25-327(A) provides that a maintenance decree may be modified "only upon a showing of changed circumstances which are substantial and continuing." "The changed circumstances alleged must be proved by a comparison with the circumstances existing at dissolution." *Richards v. Richards,* 137 Ariz. 225, 226, 669 P.2d 1002, 1003 (App.1983). One of the circumstances existing at the time the Reeves' marriage was dissolved was Mr. Reeves' plan to voluntarily retire within the year. The extent to which this would reduce his income was known to the trial judge. A diminution in income anticipated by the trial judge in making an award is, when it occurs, not a changed circumstance justifying a modification of the award. See *Linton v. Linton,* 17 Ariz.App. 560, 499 P.2d 174 (1972). The portion of the decree to which Mr. Reeves objects is simply a statement that the court had considered the reduced income on retirement in making the award. It had the additional virtue of warning Mr. Reeves of circumstances that would not justify modification before he took irremediable action on the misapprehension that modification might occur.

Determination of the amount of an award for maintenance includes consideration of the financial needs and abilities of the spouse petitioning for maintenance and the financial resources and abilities of the spouse who is to provide maintenance. A.R.S. § 25-319(B); *In re Marriage of Hinkston,* 133 Ariz. 592, 594, 653 P.2d 49, 51 (App.1982). The statutory emphasis on the ability or potential for one spouse to earn income in the labor market, A.R.S. § 25-319(B)(8), is of particular relevance in the present case. A trial judge certainly has the discretion to fashion a dissolution decree to prevent one spouse from avoiding a maintenance award by voluntarily taking himself out of the "labor market" where his earning power is well documented. See *Patterson v. Patterson,* 102 Ariz. 410, 415, 432 P.2d 143, 148 (1967). The decree does not foreclose modification if Mr. Reeves' "competitive" position in the labor market is diminished for a reason other than his own choice to retire. Nor would his reduced income during retirement, if combined with other circumstances, prevent a finding of substantially changed circumstances.

The trial judge properly exercised his discretion to note the possibility of Mr. Reeves' retirement. It was also proper to state that should Mr. Reeves retire it would be a circumstance that the court had considered and found to be an insubstantial basis for modification. This is so because voluntary retirement does not affect one's ability to earn in the labor market. The fact that one may, by a voluntary act, reduce one's income is not necessarily a ground for modification of a maintenance decree.

Affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.