**Margie R. PROCTOR, Plaintiff and Respondent,**

v.

**Larry K. PROCTOR, Defendant and Appellant.**

No. 880092–CA.

Court of Appeals of Utah.

May 5, 1989.

Alan K. Jeppesen, Tooele, for defendant and appellant.

Douglas F. White, Tooele, for plaintiff and respondent.

Before BILLINGS, GARFF and JACKSON, JJ.

## MEMORANDUM DECISION

JACKSON, Judge:

Appellant Larry K. Proctor challenges the amount of child support he was ordered to pay and the method of payment in a judgment of divorce. After amending the amount of the award, we affirm.

The parties were married in 1971 and had four children. On October 14, 1986, Larry was convicted of rape of a child. He was subsequently sentenced to a minimum mandatory prison sentence of five years. His wife, Margie R. Proctor, filed for divorce in January 1987. At the time of trial, her monthly gross income from two jobs was $1,240.80 and monthly living expenses were $1,145, including a $650 mortgage payment, but excluding food and utility costs being paid by her church. Prior to his incarceration, Larry was employed full-time as a store manager earning $1,200 per month. During the year he was incarcerated prior to the divorce trial, he earned or was gifted a total of $659.

Based on the agreement of the parties, the December 1987 divorce decree divided their personal effects and awarded Margie the household furnishings and the marital home, the only major marital assets. Larry was awarded a lien for his half of the parties' $34,265 equity in the home, which he was entitled to receive upon the occurrence of specified events. Margie was awarded $1.00 per year alimony and custody of the four children, who ranged in age from four to sixteen. Larry was ordered to pay $87 per month per child, for a total of $348 monthly child support. Each month the support was not paid, Larry's equity interest in the home was to be reduced by the amount of the unpaid support obligation.

Under Utah Code Ann. § 30-3-5 (1987), a trial court has broad equitable power to order the payment of child support, taking into account the needs of the children and the ability of the parent to pay. *Woodward v. Woodward,* 709 P.2d 393, 394 (Utah 1985); *see also* Utah Code Ann. § 78-45-7(2) (1987) (enumerating factors that must be considered by court in setting prospective support). Because the trial court has considerable latitude in fashioning appropriate child support orders, we will not disturb its actions unless there has been an abuse of discretion. *Woodward,* 709 P.2d at 394; *see Jorgensen v. Jorgensen,* 667 P.2d 22 (Utah 1983).

Appellant does not contest his children's need for support or the respondent's inability to meet those needs with her present income. He first contends the trial court abused its discretion in setting child support at anything but a nominal figure while he is incarcerated, even though his prior work history demonstrates that he earned $1,200 per month before his arrest. He argues that his complete lack of ability to earn is conclusively shown because he currently has, and will continue to have, no income. We have found no Utah authority, and appellant cites none, equating "ability to earn" with only actual income or earnings.[1] Indeed, section 78-45-7(2) lists a parent's income and ability to earn as two separate, presumably distinct, factors to be considered by the court as it sets the amount of child support.[2] Furthermore, the trial court appropriately took into ac-

---

1. On the contrary, in *Spangler v. Spangler,* 561 P.2d 1076 (Utah 1977), the Utah Supreme Court affirmed without comment a decree ordering an unemployed father to pay $75 per month in child support. We note that the recently enacted statewide child support guidelines, which apply to support orders entered on or after July 1, 1989, explicitly permit income to be imputed to a custodial or noncustodial spouse who is found to be voluntarily unemployed or underemployed. Utah Code Ann. § 78-45-7.5(7)(a) (1989). One stated exception is for a parent who is physically or mentally disabled to the extent that he or she cannot earn a minimum wage. Utah Code Ann. § 78-45-7.5(7)(d)(ii) (1989). The amount of gross income imputed must be based upon "employment potential and probable earnings as derived from work history, occupation qualifications, and prevailing earnings for persons of similar backgrounds in the community." Utah Code Ann. § 78-45-7.5(7)(b) (1989).

2. Courts in other jurisdictions, faced with modification petitions by noncustodial spouses who were imprisoned subsequent to entry of an orig-

count the home equity awarded Larry and his lack of living expenses during incarceration as factors relevant to determining the amount of prospective child support. *See* Utah Code Ann. § 78–45–7(2)(a)–(b) (1987) (trial court shall consider the parties' "relative wealth" and "standard of living and situation").

■ We agree with the trial court that an able-bodied person who stops working, as an exercise of personal preference or as a result of punishment for an intentional criminal act, nonetheless retains the ability to earn and the duty to support his or her children. *See, e.g., Reeves v. Reeves,* 146 Ariz. 471, 706 P.2d 1238 (Ct.App.1985) (voluntary retirement does not affect one's ability to earn in the labor market); *Rapson v. Rapson,* 165 Colo. 188, 437 P.2d 780 (1968) (father who quit work to attend school still has earning capacity); *Ohler v. Ohler,* 220 Neb. 272, 369 N.W.2d 615 (1985) (no substantial change in circumstances shown, equating incarceration with voluntary decrease in income); *but see Leasure v. Leasure,* 378 Pa.Super. 613, 549 A.2d 225 (1988) (support order suspended; incarcerated father with no assets is unable to pay). Under all the circumstances of these parties, we find no abuse of discretion in the trial court's determination that appellant, notwithstanding his incarceration, should pay more than nominal child support.

■ Appellant next contends the trial court abused its discretion in ordering that unpaid child support be subtracted monthly from his equity interest in the marital home. The end result of such an arrangement, he argues, is that he will be inequitably deprived of his share of the marital home because his equity will be depleted by the time he is released from prison. However, appellant's inability to provide for his children from an income, instead of from his only asset, is a direct consequence of his own misconduct. The trial court was not required to exercise its equitable powers to protect his assets from his children while he is incarcerated.

In fashioning an appropriate support order in cases where there is inadequate income flow, the trial court may properly consider assets of a responsible parent with which the support obligation can be met. *See Peterson v. Peterson,* 748 P.2d 593, 595 (Utah Ct.App.1988). In light of the latitude given the trial court to provide for the children's needs in an equitable manner, we find no abuse of discretion and no impermissible extra penalty on appellant in the court's order.

■ With regard to the amount of child support the appellant was ordered to pay, we agree with the parties that the final decree does not accurately reflect the trial judge's intentions, as revealed in his oral ruling and the findings of fact and conclusions of law. Accordingly, the decree is amended to set appellant's child support obligation at $73 per month for each of his four children. When the oldest child reaches eighteen or graduates from high school, whichever occurs later, child support for the three remaining children will automatically change to $87 per month per child.

With this correction, the judgment of the trial court is affirmed. Respondent's request for attorney fees on appeal pursuant to Utah Code Ann. § 30–3–3 (1984), to be charged against appellant's equity interest in the marital home, is granted. *See Maughan v. Maughan,* 770 P.2d 156 (Utah Ct. App.1989); *see also Rasband v. Rasband,* 752 P.2d 1331, 1337 (Utah Ct.App.1988). The case is remanded to the trial court for determination of attorney fees reasonably incurred on appeal.

BILLINGS and GARFF, JJ., concur.

---

inal support order, have held that support obligations need not be lowered or suspended if, despite a lack of current income, the prisoner has assets available with which to pay the support. *See, e.g., Clemans v. Collins,* 679 P.2d 1041 (Alaska 1984) (remand for determination of availability of assets); *In re Vetternack,* 334 N.W.2d 761 (Iowa 1983); *In re Edmonds,* 53 Or.App. 539, 633 P.2d 4 (1981) (no assets available, support order suspended).