August Robert BARBARINE, Appellant,

v.

Halleen C. BARBARINE, Appellee.

No. 94–CA–2557–MR.

Court of Appeals of Kentucky.

Feb. 9, 1996.

Discretionary Review Denied by
Supreme Court Aug. 21, 1996.

Sam Deeb (briefed and argued), Louisville,
for Appellant.

J. Gregory Clare (briefed and argued),
Louisville, for Appellee.

Before GARDNER, HOWERTON and
HUDDLESTON, JJ.

GARDNER, Judge:

Appellant, August Robert Barbarine (August), appeals from an order of the Jefferson Circuit Court denying his motion to termi-

nate maintenance payments to the appellee, Halleen Barbarine (Halleen), based upon the fact that he took voluntary early retirement. We affirm the circuit court's order.

August and Halleen were married for twenty-four years and were divorced in October 1990. The court, in March 1991, found that Halleen's monthly income was comprised of only her social security income of $480 whereas August earned $3,850.80 per month. As a result, the court ordered August to pay Halleen $1,000 per month maintenance. At the time of this order, August was fifty-eight years old and Halleen was sixty-six.

August retired from his job in March 1994, at the age of sixty-two. By his own account, the early retirement was voluntary. He opted to postpone drawing social security benefits until age sixty-five since he could then receive $1,050.00 per month instead of $800. As a result of these circumstances, August moved the court to modify the maintenance award and terminate his maintenance payments based upon a material change in circumstances. A hearing was held before a domestic relations commissioner (the commissioner) who recommended denying his request for modification. The circuit court after considering the exceptions filed by August to the commissioner's report, upheld the commissioner and denied August's motion. August has appealed from the court's order.

■ August argues that the circuit court's finding that voluntary retirement does not constitute a material change of circumstances sufficient to justify a modification of a maintenance award should be overruled, because the finding incorrectly equated retirement with voluntary unemployment. This Court has found no error on the trial court's part, and hence, must affirm.

■ Kentucky Revised Statute (KRS) 403.250(1) provides, "[t]he provisions of any decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." *See McKenzie v. McKenzie*, Ky., 502 S.W.2d 657 (1973). Evidence for the movant must be

compelling for the trial court to grant the relief requested; the policy of the statute is for relative stability. *Id.* The determination of questions regarding maintenance is a matter which has traditionally been delegated to the sound and broad discretion of the trial court, and an appellate court will not disturb the trial court absent an abuse of discretion. *Perrine v. Christine,* Ky., 833 S.W.2d 825 (1992); *Somerville v. Somerville,* Ky., 339 S.W.2d 940 (1960); William Haynes, *Kentucky Jurisprudence,* Domestic Relations, § 35, at 433 (1986); Ralph Petrilli, *Kentucky Family Law,* § 25.20 at 385 (1988). An appellate court is not authorized to substitute its own judgment for that of the trial court where the trial court's decision is supported by substantial evidence. *Combs v. Combs,* Ky., 787 S.W.2d 260 (1990); Haynes, *Kentucky Jurisprudence,* Domestic Relations, supplement, § 35–1, at 117 (1994).

In the case at bar, the circuit court denied August's motion to modify maintenance provisions and terminate maintenance payments. It considered both parties' incomes and concluded that August knew at the time that he took the early retirement that he had the maintenance obligation, and thus could not be heard later to complain. Neither party has cited a Kentucky case addressing this precise issue nor have we uncovered such a case. A number of other jurisdictions have addressed this issue. In *Schoolcraft v. Schoolcraft,* 869 S.W.2d 907 (Mo.Ct.App. 1994), the trial court denied the husband's motion to modify maintenance after he voluntarily retired. The appellate court found that the husband's argument that the trial court automatically barred him from modification because of voluntary early retirement was unfounded. As in the instant case, it concluded that the trial court had analyzed the circumstances of the parties and correctly found that the husband had not shown circumstances so substantial as to make the original terms unreasonable.

Further, in *Reeves v. Reeves,* 146 Ariz. 471, 706 P.2d 1238 (Ct.App.1985), the trial court, in the dissolution decree, considered the husband's plan to retire early at age sixty-two, and the court ruled that if he so chose to retire at that age or anytime before age sixty-five and his income was reduced thereby, such would not be grounds to reduce

spousal maintenance. This ruling was upheld by the appellate court.[1] The appellate court held that the trial court properly exercised its discretion and held that voluntary retirement does not affect one's ability to earn in the labor market. It noted that the fact that one may by a voluntary act reduce one's income is not necessarily a ground for modification. *Id.*, at 473, 706 P.2d 1238. The court considered the parties' economic circumstances and noted that the husband's reduced income, if combined with other circumstances, prevented a finding of substantially changed circumstances.

In *Deegan v. Deegan*, 254 N.J.Super. 350, 603 A.2d 542 (App.Div.1992), another voluntary retirement case, the court considered several different tests for determining the impact of voluntary retirement upon maintenance. The court held that where a change in circumstances is voluntary, a court must consider the age and health of the party, his or her motives in retiring, the timing of his or her retirement, the ability of the party to pay maintenance after retirement and the ability of the other spouse to provide for himself or herself. *Id.*, 603 A.2d at 545. The reasonableness of the early retirement should be a factor as should the expectations of the parties and the opportunity of the dependent spouse to prepare to live on the reduced support. *Id.* Whether a spouse may voluntarily retire will depend upon the individual circumstances of a particular case. *Id.; In re Marriage of Smith*, 77 Ill.App.3d 858, 33 Ill.Dec. 332, 396 N.E.2d 859 (1979). The trial judge should decide one pivotal issue: whether the advantage to the retiring spouse substantially outweighs the disadvantage to the payee spouse. *Deegan v. Deegan*, 603 A.2d at 545. Only if that answer is affirmative should the retirement be viewed as a legitimate change in circumstances warranting modification of a preexisting maintenance obligation. *Id. See also In re Marriage of Smith*, 33 Ill.Dec. at 336–37, 396 N.E.2d at 863–864.

 We believe the approach taken in the above cases is sound, and we hereby adopt it as our own. Thus, if after considering and weighing the circumstances of a case, the advantage to the retiring spouse substantially outweighs the disadvantage to the payee spouse, then a decrease in the amount of maintenance may be appropriate. Several factors are relevant to this determination including the ability of both spouses to earn in the labor market, the age and health of the retiring spouse, the motives of the party for retiring, the timing of the retirement, the ability of the party to pay maintenance after retirement, the ability of the other spouse to provide for himself or herself, the reasonableness of the early retirement, the expectations of the parties and the opportunity of the dependent spouse to prepare to live on the reduced support. A trial court is not limited to these factors. While the circuit court in the instant case did not per se utilize this test, it did in fact consider such factors as previously set out in this opinion. Even though the court did not specifically enunciate the test, it in fact applied it.

In the instant case, the trial court correctly considered the circumstances of each party and correctly held that August had a continuing obligation to Halleen. She was seventy years old and could not adequately support herself and was in fact, only receiving a small amount from social security. August knew of this obligation and voluntarily took early retirement and additionally decided not to receive his social security benefits until he reached sixty-five. There was no evidence of a forced retirement by the employer or retirement because of poor health. August has oversimplified the trial court's ruling by stating that it incorrectly equated retirement with voluntary unemployment. The court carefully considered each parties' status in denying August's modification motion. It did not err as a matter of law or abuse its discretion. The matter of changed circumstances may be considered again in the future, but the circuit court's ruling will not be disturbed at this time.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

All concur.

---

1. The Arizona modification statute was substan-
tially similar to Kentucky's statute.