969 P.2d 188

**Lisa L. LITTLE, Petitioner–Appellee,**

v.

**Billy L. LITTLE, Jr., Respondent–Appellant.**

**No. 1 CA–CV 97–0576.**

Court of Appeals of Arizona,
Division 1, Department A.

May 21, 1998.

Review Granted Nov. 17, 1998.

ue, it clearly would have been improper. *See*     *Phoenix Title and Trust Co.*

Philip A. Seplow, Phoenix, for Petitioner–Appellee.

Billy L. Little, Jr., Tempe, pro. per.

## OPINION

PATTERSON, Judge.

¶ 1 Billy L. Little, Jr. (appellant) appeals from the trial court's refusal to find his pursuit of a law degree a substantial and continuing change of circumstances warranting a modification of child support. For the reasons discussed below, we reverse.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 In November 1995, the marriage between the parties was dissolved. As a result, appellant was ordered to pay $1,186 per month for child support.

¶ 3 Appellant was employed by the Air Force, earning an annual salary of $48,000, plus benefits. He holds a Master's Degree in Business Administration. Appellant terminated his employment with the Air Force in August 1996, at which time he entered law school at Arizona State University. He earns a monthly reserve pay from the Air Force of $308. At the time of dissolution of marriage, Lisa L. Little (appellee) was a full-time student/caretaker. She is currently employed, earning $1,040 per month.

¶ 4 In August 1996, appellant filed a petition for order to show cause regarding child support modification. In the petition, appel-lant alleged a substantial and continuing change in circumstances in that his income was reduced because he had terminated his position with the Air Force and entered law school. In his petition, appellant requested a reduction in child support payments from $1,186 to $239 per month. A hearing on the order to show cause was held in superior court on May 2, 1997, before the Honorable M. Jean Hoag. At the hearing, when asked what appellant realistically thought he could pay per month for child support, he replied $500. By minute entry dated June 13, 1997, the court ruled that appellant failed to prove a substantial and continuing change of circumstances, and therefore denied the modification request.[1] The court stated:

> Respondent unilaterally terminated his position with the Air Force. The reason noted for separation was "failure to accept regular appointment when confirmed by the Senate."[2] The reason he did so was to attend law school. Respondent could have continued employment with the military for whom he had worked for four-and-a-half years, but he conditioned his continued employment upon attendance at law school. This condition, as presented by Respondent, was rejected.
>
> . . . .
>
> The testimony revealed that there are night schools Respondent could have attended to earn his chosen degree, but he declined to relocate to, for instance, California.
>
> THE COURT FINDS Respondent's choice to leave his employment, which was suitable to his educational background, was voluntary. The Court further finds that Respondent did not consider the needs of his children prior to entering school which, predictably, resulted in no income to Respondent and therefore no support for his children from earned income. *Wolcott v. Wolcott*, 101 N.M. 665, 687 P.2d 100 (1984)[3] cited by Respondent, states that a

---

1. The court lowered appellant's support amount to $972.92. It appears from the record that this reduction was an adjustment based solely on the mother's recent employment income.

2. This statement is factually inaccurate. The quoted language refers to appellant's separation

from the Marine Corps in 1991, not to his separation from the Air Force in 1996.

3. This citation is incorrect. While the parties are the same, this citation is to an earlier case involving an order directing husband to cosign, along

parent should be permitted to "enhance his economic fortunes without penalty." There is no evidence that Respondent's decision was grounded in a desire to enhance his economic fortunes, which would then inure to the benefit of his children. Rather, it is the Court's opinion that Respondent's subjective intent was to further his own ambition. If this Court were to reduce or abate Respondent's child support obligation, it would be to the children's immediate detriment and their previously established needs. The Court finds Respondent's choice of terminating his previous employment voluntary and unreasonable.

¶ 5 On July 8, 1997, appellant filed motions to vacate and for a new trial, which the court denied. This timely appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 12–2101(B) (1994).

### ISSUE PRESENTED

¶ 6 Whether the trial court erred in refusing to find that appellant's pursuit of a law degree was reasonable and constituted a substantial and continuing change of circumstances warranting modification of his child support obligations.

### DISCUSSION

■ ¶ 7 The decision whether changed circumstances exist to warrant modification of a child support award is within the sound discretion of the trial court and, absent abuse of that discretion, will not be disturbed on appeal. *Cummings v. Cummings,* 182 Ariz. 383, 385, 897 P.2d 685, 687 (App.1994). An abuse of discretion exists when the record is devoid of competent evidence to support the decision. *Platt v. Platt,* 17 Ariz.App. 458, 459, 498 P.2d 532, 533 (1972) (citing *Fought v. Fought,* 94 Ariz. 187, 382 P.2d 667 (1963)).

¶ 8 It appears the trial court placed great emphasis on the fact that appellant's decision

to leave his employment was voluntary. Appellee cites *Reeves v. Reeves,* 146 Ariz. 471, 473, 706 P.2d 1238, 1240 (App.1985), for the proposition that a voluntary reduction of income may not provide a basis for a modification of support. The *Reeves* case involved the obligated spouse's voluntary early retirement. The court in that case found relevant "the ability or potential for one spouse to earn income in the labor market," concluding that "voluntary retirement does not affect one's ability to earn in the labor market." *Id.* Thus, the court determined that voluntary retirement does not provide a basis for modifying support obligations.

¶ 9 The issue presented here, involving a reduction in income due to a voluntary change in occupation or employment, is quite different than the early retirement issue. Arizona courts have not yet examined this issue. However, the Arizona Supreme Court, in its administration of the Arizona Child Support Guidelines (Guidelines), provides some direction. As noted by appellant, the Guidelines state it may be "inappropriate" for a court to attribute income when "[a] parent is engaged in reasonable career or occupational training to establish basic skills or reasonably calculated to enhance earning capacity." Ariz. Admin. Order No. 96–29, Arizona Child Support Guidelines § 4(e)(2) (1996).[4]

■ ¶ 10 The central question then is what constitutes "reasonable career or occupational training?" Arizona courts have not determined this issue. However, other jurisdictions have reached this issue, finding that voluntary changes in employment or occupation are reasonable if made in "good faith." *See In re Marriage of Horn,* 272 Ill.App.3d 472, 209 Ill.Dec. 130, 650 N.E.2d 1103, 1106 (1995); *Wolcott,* 735 P.2d at 327; *Giesner v. Giesner,* 319 N.W.2d 718, 720 (Minn.1982); *Schuler v. Schuler,* 382 Mass. 366, 416 N.E.2d 197, 203 (1981); *Fogel v. Fogel,* 184 Neb. 425, 168 N.W.2d 275, 277 (1969); *Thom-*

---

with his wife, a promissory note for the purchase of a residence for the wife and couple's children. The proper citation is *Wolcott v. Wolcott,* 105 N.M. 608, 735 P.2d 326 (App.1987).

4. We cite the 1996 Arizona Child Support Guidelines only because of the policy framework it provides the court in analyzing this matter. We recognize, however, that the 1996 Guidelines did not become effective until October of that year and this matter had been filed prior to that date.

*as v. Thomas,* 281 Ala. 397, 203 So.2d 118, 123 (1967); *Lambert v. Lambert,* 66 Wash.2d 503, 403 P.2d 664, 668 (1965); *Nelson v. Nelson,* 225 Or. 257, 357 P.2d 536, 538 (1960).

¶ 11 The *Horn* case involved the obligated spouse's participation in a labor strike as a basis for a reduction in his support payments. The court concluded that "[a] good-faith, voluntary change in employment which results in diminished financial ability may constitute a substantial change in circumstances justifying a reduction in child support payments." 209 Ill.Dec. 130, 650 N.E.2d at 1106. The court went on to explain that the test for determining good faith is "whether the change was prompted by a desire to evade financial responsibilities for supporting the children or to otherwise jeopardize their interests." *Id.* Thus, the voluntariness of the change of circumstances is but one factor to consider. The trial court must also consider the objectives underlying the change. *Thomas,* 203 So.2d at 123 (other factors to consider include the prospect of improving professional competence or leading a more satisfying life).

¶ 12 Other courts have held that modification of support is appropriate when the obligated spouse terminates his employment to further his education. *Coons v. Wilder,* 93 Ill.App.3d 127, 48 Ill.Dec. 512, 416 N.E.2d 785, 790–91 (1981); *Graham v. Graham,* 21 Ill.App.3d 1032, 316 N.E.2d 143, 146 (1974); *Martinec v. Martinec,* 17 Ill.App.3d 402, 308 N.E.2d 161, 161 (1974). Strikingly similar to this case is an Illinois case involving a father's request for a reduction in child support due in part to his enrollment in law school. *Wilder,* 48 Ill.Dec. 512, 416 N.E.2d at 790. The *Wilder* court stated, "[i]t is well established that a voluntary change in occupation or employment made in good faith may constitute a material change in circumstances sufficient to warrant modification of a child support order." *Id.* The court further announced that "[t]he change in circumstances must . . . be fortuitous in nature and not the result of deliberate action or conduct of the party seeking the reduction." *Id.,* 48

Ill.Dec. 512, 416 N.E.2d at 791. Thus, the obligated parent should be allowed to enhance economic fortunes without penalty, so long as his employment or educational decisions are undertaken in good faith and not deliberately designed to avoid responsibility of his dependents. *Id.*

¶ 13 We agree with the Supreme Court of Oregon that:

[T]he refusal to recognize a change in occupation or employment as a basis for modification would force the defendant to be frozen in his present employment unless he would accept the prospect of financial hardship. We do not believe that it would be sound policy to place such a restraint upon him. Admittedly he has a duty to support his children, and the decree which is sought to be modified expresses that duty in a fixed amount. But the amount is not fixed immutably in the decree; it is subject to modification if circumstances fairly warrant modification.

. . .

In most instances where a man makes a change in his occupation or employment which results in a reduction in his income, he does so with the hope of ultimately improving his financial condition. We think that he should be entitled to make this effort even though it may require the children to share in the financial inconvenience or hardship which attends the change.

*Nelson,* 225 Or. 257, 357 P.2d at 539.

¶ 14 Based on the facts of this case, we find that the trial court abused its discretion in ruling that appellant's pursuit of a law degree was unreasonable and did not constitute a substantial and continuing change in circumstances warranting a reduction in his support obligations. There is no question as to the substantial and continuing nature of the change in circumstances—appellant's income has been reduced from $48,000 to approximately $3,600, excluding student loans, and appellant will incur this reduction in income until he completes law school, presumably in 1999.[5] Further, the record is

5. Appellant's requested reduction of child support payments was for the duration of his legal studies.

replete with evidence of the reasonableness of appellant's change in circumstances supporting modification.

¶ 15 Appellant testified that he had a contract with the Air Force for four years of service. He extended that time by seven months so that he could provide for his children until the date he commenced law school. Even if he could have permanently continued employment with the military, his contractual obligation ended with his four years of service. Additionally, appellant testified that had he stayed with the Air Force in all likelihood he would have been transferred outside the Phoenix area, thus detrimentally affecting his relationship and visitation with his children.

¶ 16 Further, it is reasonable to conclude that pursuit of a law degree would enable appellant to embark on a career that could well result in enhanced economic fortunes. Such fortunes would inure to the benefit of his children. Suggesting that appellant attend night school, as the trial court did, is unreasonable in this case. It would require relocation to another state, away from his children, since Arizona does not have a night law school program. The fact that appellant chose to stay in-state near his children is not only reasonable but shows appellant's desire to remain active in his children's upbringing, an important consideration to appellant and his children, as he stated at the hearing. It would be unrealistic to hold that he would be advancing the interests of his children by moving out-of-state and becoming an absentee parent so that he could work full-time to continue his support obligations while attending law school at night. In many ways that scenario distorts the priorities in this matter. Although being an absent parent may be an option for some families, appellant did not consider it an option and should not be penalized for his decision. Moreover, by remaining in-state, appellant reduces his overall indebtedness through cheaper tuition, cost of living, and possible transportation costs incurred for visitation with his children. We also note that in marriage, families are often called upon to accommodate a spouse's career change. It is uncertain whether such a change would have occurred had the parties here remained married; however, the record supports appellant's position that appellee, "for a long time," was aware of his desire to pursue a career in law.

¶ 17 Appellee testified before the trial court that, in addition to appellant's ambition to become a lawyer, he also aspired to become an author, a mercenary, a psychologist, a teacher, a beach bum and a ski instructor, apparently suggesting a pattern of ambivalence. However, nothing in the record shows that appellant enrolled in courses or took the appropriate steps necessary to advance his interests in any of those other areas. He did enroll in law school and nothing in the record suggests he did so in a bad faith effort to evade his financial responsibilities. In fact, appellant does not ask for absolvement of his financial responsibilities. At the May 2, 1997 hearing, appellant stated that he thought he could realistically pay $500 per month. Appellant also stated that he intended to work during the summer, including a month of paid reserve training, and the following school year.

¶ 18 We find no competent evidence to support the trial court's ruling that appellant's reduction in income was "unreasonable." As such, the trial court abused its discretion. We find that, under the facts presented here, appellant's pursuit of a law degree was reasonable and constituted a sufficient change in circumstances to warrant a modification of child support payments. We note, however, that the good faith test is fact specific and this decision should not be read as a bright-line rule permitting modifications of support obligations in any or all cases in which the obligated spouse chooses to pursue a different occupation or degree.

## ATTORNEY'S FEES

¶ 19 Appellee requests attorney's fees. After considering the financial resources of both parties and the positions taken in this appeal, we find that each party should be responsible for his or her own fees and costs in maintaining this appeal. Appellee's request is denied.

## CONCLUSION

¶ 20   The trial court's ruling is reversed and this case is remanded for determinations not inconsistent with these findings.

RYAN and THOMPSON, JJ., concur.