NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

MARCIA ANN BONAFEDE, *Petitioner/Appellant*,

*v.*

GARY W. GIANNANGELO, *Respondent/Appellee*.

No. 1 CA-CV 14-0103 FC

FILED 3-26-2015

Appeal from the Superior Court in Maricopa County
No. FN2004-003773
The Honorable Thomas L. LeClaire, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Gust Rosenfeld PLC, Phoenix
By Charles W. Wirken
*Counsel for Petitioner/Appellant*

The Counters Firm, PC, Phoenix
By Lisa J. Counters
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley joined and Judge Jon W. Thompson dissented.

---

**G O U L D**, Judge:

¶1          Petitioner/Appellant Marcia Ann Bonafede ("Wife") appeals the family court's judgment granting Respondent/Appellee Gary W. Giannangelo's ("Husband") petition to modify spousal maintenance. We affirm the family court's determination that Husband established changed circumstances warranting a modification hearing, but we vacate the court's determination regarding the amount of maintenance and remand for a new hearing.

**Factual and Procedural Background**

¶2          Wife and Husband divorced in 2005 after more than twenty-five years of marriage. The consent decree provided that Husband would pay Wife $1800 per month in spousal maintenance. The decree further provided that the award of spousal maintenance was modifiable "upon a showing of a substantial and continuing change of circumstances" in accordance with Arizona Revised Statutes ("A.R.S.") section 25-327 (2015).[1] Specifically, the decree provided:

> Both parties acknowledge that HUSBAND's eventual retirement and commencement of Social Security retirement benefits, upon attaining age 65, may constitute a substantial and continuing change of circumstances as contemplated by A.R.S. § 25-327. HUSBAND's retirement and commencement of Social Security benefits shall be considered *prima facie* reason for HUSBAND to petition the Court for a modification under A.R.S. § 25-327.

---

[1]     Absent material revisions after the relevant dates, we cite the current version of a statute unless otherwise indicated.

**¶3** In 2012, Husband filed a petition to terminate or modify spousal maintenance, claiming as changed circumstances: (1) his retirement to care for his elderly mother; and (2) his mother's passing.

**¶4** Prior to the modification hearing, Wife requested the family court enter findings of fact and conclusions of law pursuant to Rule 52(a). After the hearing, the family court determined there was a substantial and continuing change in circumstances warranting modification and reduced the amount of spousal maintenance to $700 per month. Wife filed a motion for new trial, which was denied. Wife timely appealed.

## Discussion

**¶5** Wife argues that the family court erred in determining there was a substantial and continuing change in circumstances warranting modification of spousal maintenance. In addition, Wife contends that in reducing Husband's spousal maintenance obligation, the family court relied upon erroneous factual findings concerning Husband's income and expenses.

**¶6** We review the family court's decision regarding the existence of changed circumstances and its award of spousal maintenance for an abuse of discretion. *Van Dyke v. Steinle*, 183 Ariz. 268, 273 (App. 1995) (applying an abuse of discretion standard to a finding of changed circumstances); *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983) (establishing that maintenance awards will not be disturbed absent an abuse of discretion). We will not set aside the family court's findings of fact unless they are clearly erroneous. Ariz. R. Civ. Proc. 52(a); *In re Marriage of Berger*, 140 Ariz. at 161.

## I. Substantial and Continuing Change in Circumstances

**¶7** A decree awarding spousal maintenance may be modified or terminated only upon "a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). "Changed circumstances" are established by comparing the circumstances at the time of the petition with the circumstances existing at the time of the decree. *Richards v. Richards*, 137 Ariz. 225, 226 (App. 1983). "The decision as to whether there has been a sufficient change in circumstances to justify a modification . . . lies with the sound discretion of the trial court." *Nace v. Nace*, 107 Ariz. 411, 413 (1971).

¶8            At the time of the 2005 consent decree, Husband was working part-time. In 2006, Husband worked briefly, but later decided to assume full-time care of his mother. In exchange for becoming her caretaker, Husband's mother agreed to assume Husband's monthly spousal maintenance payment.

¶9            In 2008, Husband began collecting $1300 per month in social security. Husband used his social security income to pay a portion of Wife's spousal maintenance, and his mother paid the remaining $500 balance. In 2012, Husband assumed full responsibility for Wife's spousal maintenance when his mother passed away. Husband inherited the majority of his mother's estate.

¶10          Based on the record, the family court correctly determined that Husband's retirement and the death of Husband's mother constituted a substantial and continuing change in circumstances. Accordingly, we find no error.

## II. The Amount of Spousal Maintenance

¶11          A spouse seeking an award of maintenance is required to satisfy one or more of the statutory requirements set forth in A.R.S. § 25-319(A). *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 15 (App. 1998). If one or more of those requirements is met, a court must consider the factors set forth in A.R.S. § 25-319(B) in determining the amount of the award. *Id.*

¶12          Here, the parties dispute whether the family court made proper factual findings in reducing the amount of Wife's award. Specifically, Wife contends that in considering "the financial needs and abilities of the spouse petitioning for maintenance and the financial resources and abilities of the spouse who is to provide maintenance" pursuant to A.R.S. § 25-319(B)(4), the family court relied on outdated and inaccurate financial information for Husband. *Reeves v. Reeves*, 146 Ariz. 471, 472 (App. 1985).

¶13          Findings of fact shall be set aside only if they are clearly erroneous. Ariz. R. Civ. P. 52(a). Findings are "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Merryweather v. Pendleton*, 91 Ariz. 334, 338 (1962). We have a duty to set aside erroneous findings of fact. *Brand v. Elledge*, 101 Ariz. 352, 358 (1966); *see In re B.S.*, 205 Ariz. 611, 614, ¶ 5 (App. 2003) ("A finding is clearly erroneous if no reasonable evidence supports it.").

¶14        In making its determination to reduce Wife's award, the family court expressly held:

> The Court has considered the expenses asserted by [Husband]. *See* Exhibit 2. The Court finds that [Husband] has expenses of $3,628.00 per month. Despite the seemingly imbalance of $3,600.00 of expenses as against $1,432.00 of income, the Court notes that [Husband] has been able to meet his obligations on an ongoing basis for a significant period of time.

¶15        On appeal, Husband concedes that the income and expense figures relied upon by the family court in making its decision were erroneous. Exhibit 2, upon which the family court relied, was Husband's Affidavit of Financial Information ("AFI") dated September 2004, the month Wife filed for divorce. Husband filed two updated AFIs since 2004, one with his Petition in September 2012 and another just prior to trial in April 2013. At trial, Husband testified consistent with his April 2013 AFI, stating that his monthly income was $2,067.00 and his expenses were $2,329.00.

¶16        Accordingly, because the family court's determination was based, in part, on erroneous financial information for Husband, we vacate the award and remand to the family court for further proceedings consistent with this decision.

## III.  Attorneys' Fees

¶17        Wife argues the family court abused its discretion in denying her request for attorneys' fees pursuant to A.R.S. § 25-324(A). Specifically, Wife contends the family court should have granted her request for fees based on the disparity of financial resources between her and Husband.

¶18        Based on the record before us, we are unable to conclude the family court erred. The family court determined the parties' "disparity of income is not so great as to warrant an award of fees under A.R.S. § 25-324." Although the family court erred in determining the amount of Husband's income and expenses, the record reflects the fact that both parties live on fixed incomes and are no longer of an age where they can obtain employment. To the extent Wife asserts Husband's inheritance creates a financial disparity, we note (1) that issue is one which appears to have been litigated extensively in the family court, and (2) the record on appeal is extremely limited. Accordingly, we find no error. For the same reason, in

the exercise of our discretion, we deny Mother's request for attorneys' fees on appeal pursuant to A.R.S. § 25-324(A). [2]

**Conclusion**

**¶19** For the reasons discussed above, we affirm the trial court's determination there were changed circumstances justifying a reassessment of Wife's spousal maintenance award. However, we vacate the family court's determination reducing the amount of Wife's award, and remand for further proceedings consistent with this decision.

**T H O M P S O N, J.**, dissenting.

**¶20** The trial court acknowledged and considered that Husband had income from an inheritance in addition to social security income: "The Court determines that Respondent is sixty-seven (67) years old and retired and receives regular income through Social Security in the amount of $1,432.00. Respondent receives, or will receive, some income from the inheritance he received as a result of the passing of his mother in 2012." However, the Judge determined: "Notwithstanding that inheritance and the income derived therefrom, the current spousal maintenance award in the amount of $1,800.00 is beyond the reach of Respondent . . . ." In my view, the record supports the trial court's determination, and I would affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] Based on our decision in this case, in our discretion, we do not find it necessary to reach Wife's remaining claims regarding the family court's factual findings.