RENDERED:  MARCH 13, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0141-MR

PAUL CONSTANTE            APPELLANT

v.          APPEAL FROM OLDHAM FAMILY COURT
HONORABLE DOREEN S. GOODWIN, JUDGE
ACTION NO. 18-CI-00654

BERNICE KING            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND MOYNAHAN, JUDGES.

McNEILL, JUDGE:  This is an appeal from a dissolution of marriage, wherein the Oldham County Circuit Court, Family Division, addressed various assets and spousal maintenance.  Appellant is Paul Constante (Husband).  Appellee is Bernice King (Wife).  The parties were married on April 24, 1992.  Husband filed for divorce on November 8, 2019.  There are no minor children. The Decree of Dissolution of Marriage (Decree) was entered on July 18, 2024.  Husband filed a

motion to alter, amend, or vacate and for additional findings under CR[1] 59.05 and CR 52.02, respectively. The court issued an order modifying the Decree and providing additional findings. Husband appeals to this Court as a matter of right. The substantive issue here concerns spousal maintenance. For the following reasons, we affirm.

## STANDARD OF REVIEW

Spousal maintenance "has traditionally been delegated to the sound and broad discretion of the trial court[.]" *Barbarine v. Barbarine*, 925 S.W.2d 831, 832 (Ky. App. 1996). On appeal, we will not disturb an award of spousal maintenance unless the trial court has "abused its discretion or based its decision on findings of fact that are clearly erroneous[.]" *Powell v. Powell*, 107 S.W.3d 222, 224 (Ky. 2003) (citations omitted). Similarly, "[a] trial court's ruling on a motion to alter, amend, or vacate a judgment under CR 59.05 is reviewed for abuse of discretion." *Wheeler v. City of Pioneer Village*, 723 S.W.3d 764, 771 (Ky. 2025). An abuse of discretion occurs when the court's decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Artrip v. Noe*, 311 S.W.3d 229, 232 (Ky. 2010) (citation omitted). With these standards in mind, we return to the record and arguments at issue in the present case.

---

[1] Kentucky Rules of Civil Procedure.

## ANALYSIS

Husband generally argues that the family court erred in setting his maintenance obligation. He specifically contends that the court failed to make findings regarding his income and Wife's reasonable needs. Husband further contends that the family court abused its discretion in setting open-ended maintenance.

> The determination of maintenance involves a two-pronged analysis. First, the [family] court must decide whether the requesting spouse is even entitled to maintenance at all by examining that spouse's financial needs and resources. Pursuant to KRS 403.200(1), the [family] court may award maintenance if it finds that the spouse seeking maintenance: (a) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs; and (b) is unable to support herself through appropriate employment.

*Naramore v. Naramore*, 611 S.W.3d 281, 286–87 (Ky. App. 2020) (citations omitted).

If the family court, based on these factors, determines that maintenance is justified, it must then decide the appropriate amount and duration of the award while considering all relevant factors, including:

> (a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . . ;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

KRS[2] 403.200(2).

Husband is an experienced chiropractor with sources of income from multiple practices. The financial health of those practices was difficult to ascertain throughout underlying proceedings. Wife does not have a college degree and has not worked outside of the home in decades. She was a flight attendant prior to the marriage and was a homemaker during the entirety of the marriage. The parties raised two children born from the marriage. Wife stayed at home with their two children since approximately 2002. The parties have been in litigation for years and have incurred significant attorney's fees. The court addressed this in the Decree as follows: "Much of the property that [Wife] was set to receive from this divorce has been used to pay her prior counsel or was advanced to her. For

---

[2] Kentucky Revised Statutes.

example, of the $118,531.49 the Respondent was entitled from the sale of the marital residence, only $767.74 remains in escrow."

As previously stated, Husband contends that the family court erred by not making findings concerning Wife's "reasonable needs" as a threshold matter pursuant to KRS 403.200(1). As relevant to this issue, the family court's post-Decree modification order reiterated its analysis contained in the Decree, acknowledging that Wife's initial itemization of expenses was unrealistic. The court concluded that Wife's imputed income was between $60,000 and $65,000 annually, which is commensurate with the income of an entry-level flight attendant. The court noted that Wife's current health insurance premium is $1,105.00 per month and ordered Husband to pay Wife $3,600.00 per month in maintenance and additional $1,000.00 per month towards maintenance arrearages. To be clear, this was a $1,400.00 per month *decrease* in the non-arrearages amount previously ordered in the Decree. The post-Decree modification order cites multiple tax returns for the years preceding the dissolution of marriage during which Husband earned, or was projected to earn, at or around a six-figure income. As relevant to Husband's ability to pay maintenance, the court noted that $500,000.00 in marital credit card debt had been discharged in bankruptcy.

Moreover, it appears that Husband maintains his ownership interests in three businesses for which he utilizes his chiropractic credentials. And the court

-5-

acknowledged in the Decree that "[Husband] has proven to be resourceful and has the ability to earn his far superior income which the parties have grown accustomed to during their thirty-two (32) year marriage." Similarly, the court observed in its modification order that "[t]he court previously has not found [Husband] to be entirely forthcoming and has no reason to believe his business savvy will not continue to be lucrative for him." *See B.C. v. B.T.*, 182 S.W.3d 213, 219 (Ky. App. 2005) ("Since the family court is in the best position to evaluate the testimony and to weigh the evidence, an appellate court should not substitute its own opinion for that of the family court.").[3]

Lastly, this Court has previously observed that "it is better practice to enter an open-ended award that can be reduced or eliminated pursuant to KRS 403.250." *Naramore*, 611 S.W.3d at 290 (citation omitted). Indeed, the family court here memorialized in the post-Decree order that maintenance "shall terminate or may be modified in any manner prescribed in KRS 403.250 and subsequent case law interpreting the same."

Taking the Decree and the post-Decree modification order in concert, we believe that the court made sufficient findings in assessing open-ended maintenance based on Wife's reasonable needs and Husband's income. We

---

[3] We acknowledge that Husband takes issue with this characterization. Again, we are not the trier of fact and are not in the best position to weigh the veracity of witnesses, or to assess the totality of the underlying litigation. We are limited to the precise issues and evidence on appeal.

certainly cannot conclude that the family court abused its discretion or based its

decision on findings of fact that are clearly erroneous[.]" *Powell*, 107 S.W.3d at

224.[4]

---

[4] We note that Husband specifically takes issue with the family court's alleged failure to require Wife to submit an affidavit of her monthly expenses pursuant to Family Court Rules of Procedure and Practice (FCRPP) (Maintenance). That rule provides various items and procedures required to be submitted or fulfilled in "[a]ll motions to establish or modify temporary or permanent maintenance . . . ." *Id.* However, Husband only cites to where he requested findings pursuant to FCRPP 5 in his post-Decree motion pursuant to CR 52 and CR 59. This post-trial motion under our general civil rules invokes procedurally different mechanisms than the typical maintenance modification motion that is subject to FCRPP 5. Moreover, because Husband filed this post-trial motion, Wife is not the "movant" required under FCRPP 5 to produce an affidavit of monthly expenses. While the non-movant's expenses are also required, if known, there is no indication that the burden of production is on the non-moving spouse, especially in this specific instance. A predecessor provision of the current FCRPP 5 did require the movant *and* respondent to file their information, in all "post-decree matters . . . ." *Rader v. Rader*, No. 2011-CA-001677-MR, 2012 WL 6061748, at *2 (Ky. App. Dec. 7, 2012) (citing "Rule 5(4) of the Family Court Rules of Practice and Procedure (FCRPP)"). However, FCRPP 5 was amended to omit that provision. The current version became effective on February 1, 2020.

Husband also appeals from two previous maintenance orders. The first is an order, entered on August 1, 2022, awarded Wife temporary maintenance at $2,000.00 per month with the possibility to increase to $5,000.00 per month if her then paramour terminates his financial contributions to her household expenses. The second order, entered on April 5, 2023, increases the temporary maintenance award to $5,000.00 per month pursuant to the terms of the temporary order. As previously stated, however, Husband does not cite to where he challenged those orders based on FCRPP 5. Kentucky Rules of Appellate Procedure (RAP) 32(A)(4). In the alternative, it is unclear what remedy is requested regarding those initial orders, and whether they are either superseded by the Decree and post-Decree order or are otherwise moot. And at least one unpublished case concluded, in part, that wife sufficiently complied with FCRPP 5 "by requesting $4,000.00 per month in her motion for temporary maintenance and later, in her tendered findings of fact and conclusions of law, by requesting $2,000.00 per month in maintenance . . . ." *Kositzky v. Kositzky*, No. 2021-CA-1363-MR, 2023 WL 4672139, at *8 (Ky. App. Jul. 21, 2023). In any event, we have been presented with no binding authority requiring reversal here.

## **CONCLUSION**

For the foregoing reasons, we hereby AFFIRM the Oldham Family Court's Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage, entered on July 18, 2024, and its modification order entered on January 2, 2025. All other maintenance orders addressed herein are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James L. Theiss
James Daniel Theiss
LaGrange, Kentucky

BRIEF FOR APPELLEE:

K. Spencer Pierson
Louisville, Kentucky