David BINGHAM, Movant,

v.

Betty BINGHAM, Respondent.

Supreme Court of Kentucky.

March 9, 1982.

Joseph V. Mobley, Mobley, Zoeller & Celebrezze, Louisville, for movant.

Glenn L. Schilling, Thomas W. Volk, Louisville, for respondent.

AKER, Justice.

On March 13, 1979, the Jefferson Circuit Court entered a decree dissolving the marriage of Betty and David Bingham, expressly reserving the issue of marital property division for later determination.

After a hearing on July 11, 1980 the trial court entered judgment dividing the marital property and decided to adopt the proposed findings of fact and conclusions of law tendered by counsel for the respondent with certain additions and corrections.

On appeal, David argued that the trial court erred in adopting findings of fact and conclusions of law prepared by Betty's counsel and that the court's division of marital property was inequitable. The Court of Appeals affirmed the judgment of the Jefferson Circuit Court. We granted discretionary review.

The sole question before us is whether, under the present facts, the trial court's adoption of proposed findings of fact and conclusions of law tendered by counsel at the direction of the court sufficiently complies with the requirements of CR 52.01.

CR 52.01 states, in pertinent part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon ...

When confronted by this issue in *Kentucky Milk Marketing & Anti-Monopoly Comm. v. Borden Co.*, Ky., 456 S.W.2d 831 (1969), we stated:

We do not condemn this practice [of permitting attorneys to draft findings of fact and conclusions of law] in instances where the court is utilizing the services of the attorney only in order to complete the physical task of drafting the record. However, to the extent that the court delegates its power to make findings of fact and draw conclusions this is not good practice. 456 S.W.2d at 834.

■ Our concern here, as in *Milk Marketing*, supra, is that the trial court does not abdicate its fact-finding and decision-making responsibility under CR 52.01. However, the delegation of the clerical task of drafting proposed findings of fact and conclusions of law under the proper circumstances does not violate the trial court's responsibility.

■ Careful scrutiny of the record reveals that the court was thoroughly familiar with the proceedings and facts of this case. The record indicates the trial judge prudently examined the proposed findings and conclusions and made several additions and corrections to reflect his decision in the case. This is not an instance where detailed, lengthy, contradictory findings of fact and conclusions of law were filed by counsel for no other purpose than to "unduly enlarge, confuse, compound and expand ... [the] record." *Milk Marketing*, supra at 835.[1]

As distinguished from the facts in *United States v. Forness*, 125 F.2d 928 (1942), there was no verbatim or mechanical adoption of proposed findings of fact and conclusions of law in the present action. There has been no showing that the decision-making process was not under the control of the trial judge, nor that these findings and conclu-

---

1. In view of the foregoing analysis, we suggest that the findings of fact and conclusions of law finally entered in the record need not reflect the identity of the original drafter.

sions were not the product of the delibera-tions of the trial judge's mind. The evi-dence adduced at trial clearly supports the findings of fact and conclusions of law an-nounced by the court and in the absence of a showing that the trial judge clearly abused his discretion and delegated his deci-sion-making responsibility under CR 52.01, they are not to be easily rejected.

The judgment of the Jefferson Circuit Court is affirmed.

PALMORE, C. J., and AKER, CLAY-TON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.