MAZE, JUDGE:
Jolie Keith appeals from a judgment of the Meade Circuit Court concerning the dissolution of her marriage to Toby Keith. Jolie takes issue with the sufficiency of the factual findings adopted by the trial court, particularly with respect to the court's award of joint custody of their children. Jolie also argues that the trial court erred by excluding child-care costs from its support order, by allocating the children's tax exemption to Toby, and by awarding both marital vehicles to Toby. We agree with Jolie that the trial court failed to make sufficient factual findings supporting the conclusion that awarding the tax exemption to Toby would be in the best interests of the children. We further agree with Jolie that the court's award of both vehicles to Toby amounted to an abuse of discretion. However, we find no error or abuse of discretion as to the other issues. Hence, we affirm in part, reverse in part, and remand for additional findings and entry of a new order.
I. Facts and Procedural History
Toby and Jolie Keith were married in 2011 and separated on November 25, 2015.
*13 They have three children born during the marriage. On December 10, 2015, Jolie filed a petition seeking dissolution of the marriage. The trial court entered a limited decree on November 14, 2016, (as amended on December 15, 2016, to reflect a correct date of separation) which reserved issues of custody, child support, maintenance, and division of marital property for later adjudication. The trial court referred these issues for hearings before the Domestic Relations Commissioner (DRC). The DRC issued her report on May 18, 2017.
In pertinent part, the DRC recommended joint custody of the children with equally divided physical custody. Based on the equal parenting time, the DRC recommended a deviation from the Child Support Guidelines. But since Toby earns 76% of the parties' combined income, his share of support came to $650 a month. The DRC also recommended dividing the children's health care expenses in accordance to their relative contributions to the combined income. Based on his greater income and contribution, the DRC recommended allocating the child tax exemptions to Toby. However, the DRC stated that child-care costs would be borne by the party who chooses to use child care during his or her parenting time.
With respect to the property division, the DRC recognized that the parties engaged in a bankruptcy shortly before separating. The only remaining debt was owed for a 2014 Toyota Sienna van that was in Toby's possession. Most of the van's value is encumbered by its debt. Jolie had possession of a 2002 Ford Explorer Sport Trac that has no debt. However, Jolie stated that it was of limited utility and her parents currently provided her with the use of a vehicle. The DRC recommended awarding both vehicles and the debt to Toby. The DRC also recommended equally dividing Toby's pension plan.
Both parties filed exceptions to the DRC's report. After considering her objections and Toby's response, the trial court entered an order on July 5, 2017. The court sustained Toby's exception to the equal division of his pension plan and directed that the plan be divided pursuant to the Poe[1] formula. However, the court overruled the remaining objections and adopted the remainder of the DRC's recommendations. Jolie now appeals from this order.
II. Adoption of tendered order
As an initial matter, Jolie takes issue with the DRC's adoption of the findings and conclusions tendered by Toby's counsel. She contends that the DRC and the trial court failed to comply with their obligations to make their own findings as required by CR 2 52.01. Jolie relies heavily on Retherford v. Monday , 500 S.W.3d 229, 232 (Ky. App. 2016), in which a panel of this Court questioned the propriety of adopting tendered findings in an action brought under KRS[3] Chapter 403. A majority of the panel held that a trial court is required to draft its own factual findings in matters involving child custody and should not merely adopt factual findings and conclusions tendered by one of the parties. Id. at 232.[4]
However, in Bingham v. Bingham , 628 S.W.2d 628, 628-30 (Ky. 1982), the Kentucky Supreme Court rejected the notion that a trial court is prohibited from adopting *14 proposed findings tendered by a party. Id. at 629. An appellate court will affirm an order supported by substantial evidence in the absence of a showing that "the decision-making process was not under the control of the judge" or "that these findings and conclusions were not the product of the deliberations of the trial judge's mind." Id. at 629-30. Our Supreme Court reiterated this point in Prater v. Cabinet for Human Res., 954 S.W.2d 954, 956 (Ky. 1997).
The Supreme Court has not overruled Bingham or Prater . To reach a contrary conclusion, Retherford relied in part on Keifer v. Keifer , 354 S.W.3d 123, (Ky. 2011). But Keifer merely held that KRS Chapter 403 and CR 52.01 require that trial courts include all necessary factual findings in a written order. Id. at 125. To the extent that Retherford holds that adoption of tendered findings is automatically grounds for reversal, this holding conflicts with directly controlling precedent from our Supreme Court.[5]
In the current case, the DRC substantially adopted the proposed findings tendered by Toby's counsel. However, the DRC did so after a full evidentiary hearing. Moreover, those findings were subject to a full review by the trial court prior to their incorporation into the final order. We find no basis to conclude that the DRC or the trial court abdicated their responsibility to make required findings of fact and conclusions of law in this case.
III. Award of Joint Custody
Jolie next argues that the trial court failed to consider claims of domestic violence and neglect in granting of joint split physical custody of the children. On appeal, we will only disturb a trial court's custody order if its factual findings are clearly erroneous. CR 52.01. (See also Cherry v. Cherry , 634 S.W.2d 423 (Ky. 1982) ). Our Supreme Court has further stated that:
[s]ince the family court is in the best position to evaluate the testimony and to weigh the evidence, an appellate court should not substitute its own opinion for that of the family court. If the findings of fact are supported by substantial evidence and if the correct law is applied, a family court's ultimate decision regarding custody will not be disturbed, absent an abuse of discretion. Abuse of discretion implies that the family court's decision is unreasonable or unfair. Thus, in reviewing the decision of the family court, the test is not whether the appellate court would have decided it differently, but whether the findings of the family court are clearly erroneous, whether it applied the correct law, or whether it abused its discretion.
Coffman v. Rankin , 260 S.W.3d 767, 770 (Ky. 2008) (quoting B.C. v. B.T. , 182 S.W.3d 213, 219-20 (Ky. App. 2005) ).
In determining custody of a child, KRS 403.270 requires the court to determine the best interest of the child. See also Eviston v. Eviston , 507 S.W.2d 153, 153 (Ky. 1974). In doing so, KRS 403.270(2)[6] directs the trial court to consider all relevant factors, including, but not limited to:
(a) The wishes of the child's parent or parents, and any de facto custodian, as to his custody;
*15 (b) The wishes of the child as to his custodian;
(c) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;
(d) The child's adjustment to his home, school, and community;
(e) The mental and physical health of all individuals involved;
(f) Information, records, and evidence of domestic violence as defined in KRS 403.720....
Jolie does not specifically identify the evidence of domestic violence and neglect, but such evidence was presented at the hearing before the DRC. With respect to the allegations of domestic violence, the DRC noted that Toby obtained an emergency protective order (EPO) against Jolie shortly after the filing of the petition. Based upon Jolie's admissions at the hearing, the Meade District Court granted a domestic violence order (DVO) enjoining Jolie from committing domestic violence against Toby or in the presence of the children.
With respect to the neglect allegations, Jolie presented evidence that Toby had been inattentive to the children on several occasions. Those allegations resulted in a neglect investigation by the Cabinet for Health and Family Services. The Cabinet social workers made a substantiated finding of supervisory neglect by Toby. However, the Cabinet did not pursue a neglect action against him. At the DRC's recommendation, both Jolie and Toby participated in counseling.
Generally speaking, a trial court has broad discretion in determining what is in the best interest of children when making determinations as to custody. See Krug v. Krug , 647 S.W.2d 790, 793 (Ky. 1983). The court may consider evidence of abuse or neglect by a parent and may infer that the children will be adversely affected if such abuse or neglect is allowed to continue. Id. In her findings, the DRC acknowledged the prior act of domestic violence, but concluded that it had not affected the children and would not affect the parties' ability to make joint decisions regarding the children.
The DRC's findings do not specifically address the neglect allegations. However, the DRC noted that the parties have "different parenting styles" and that both actively participated in counseling and co-parenting classes. Jolie does not point to any other evidence questioning Toby's fitness to have joint custody of the children or casting doubt on the split custody arrangement recommended by the DRC and adopted by the trial court. Both parties had significant personal issues at the time of the filing of the divorce, but they seem to have resolved most of those issues when the final order was entered. Under the circumstances, we conclude that the trial court fully considered all relevant evidence. Consequently, we cannot find that the court's custody determination was an abuse of its discretion.
IV. Exclusion of Child-Care Costs from Support Order
Third, Jolie argues that the trial court erred by failing to order the parties to share the cost of child care in proportion to their respective incomes. Jolie points to KRS 403.211(6), which provides:
The court shall allocate between the parents, in proportion to their combined monthly adjusted parental gross income, reasonable and necessary child care costs incurred due to employment, job search, or education leading to employment, in addition to the amount ordered under the child support guidelines.
*16 Jolie notes that the statute's use of the term "shall" indicates that inclusion of child care costs is mandatory. By ordering the parent who chooses to use child care to bear his or her own costs, Jolie contends that the trial court failed to follow the clear mandate of KRS 403.211(6).
We agree with Jolie that KRS 403.211 requires the trial court to treat child-care costs in the same manner as support set under the guidelines. "As are most other aspects of domestic relations law, the establishment, modification, and enforcement of child support are prescribed in their general contours by statute and are largely left, within the statutory parameters, to the sound discretion of the trial court." Van Meter v. Smith , 14 S.W.3d 569, 572 (Ky. App. 2000) (citations omitted). The rule applies equally to child care expenses awarded under KRS 403.211(6). McIntosh v. Landrum , 377 S.W.3d 574, 576 (Ky. App. 2012). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Downing v. Downing , 45 S.W.3d 449, 454 (Ky. App. 2001) (citations omitted).
In this case, the trial court deviated from the child support guidelines based on the equal parenting time that each has with the children. In such cases, we conclude that the trial court also has the discretion to deviate from a proportionate division of child care expenses. Furthermore, Jolie does not identify any evidence that the trial court's decision was unjust or unreasonable in this case. Therefore, we find no abuse of discretion.
V. Allocation of Tax Exemptions
Fourth, Jolie takes issue with the trial court's allocation of the dependent-child tax exemption to Toby. In Adams-Smyrichinsky v. Smyrichinsky , 467 S.W.3d 767, 783 (Ky. 2015), our Supreme Court cautioned that the allocation of a federal tax exemption is not a matter solely within the discretion of the trial court but is subject to Internal Revenue Code and accompanying regulations. Id. at 781-82. Consequently, a trial court must do more than simply look to which parent has the highest income, or divide the exemptions, or direct the parties to take the exemption in alternate years. Id. at 784.
Nevertheless, the Court also recognized that Kentucky courts retain the discretion to allocate the tax exemption based upon a finding that it would be in the best interest of the child. Id. at 783. So long as a trial court can articulate a sound reason why awarding the exemption to the noncustodial parent actually benefits the child, an appellate court generally will not disturb the trial court's discretion. Id. at 783-84. In this case, the DRC noted that the Internal Revenue Code and regulations generally assign the exemption to the parent with whom the child resides for the greater number of nights in the calendar year. Citing 26 U.S.C. 7 § 152(e)(4)(A); 26 C.F.R. 8 § 1.152-4. But as the DRC noted, these rules are not inflexible.[9]
Even though the parties effectively share equal amounts of time with the children, for tax purposes Toby is the non-custodial parent, since the children stay *17 with him for fewer nights than with Jolie.[10] The DRC implied that the children would receive a greater benefit if Toby exercised the exemption because he has greater income to offset. We must conclude that this implied finding was insufficient to meet the "heavy burden" to justify why the assignment of the exemption to Toby inures to the children's benefit. Adams-Smyrichinksy , 467 S.W.3d at 784. In the absence of sufficient findings, we must conclude that the trial court abused its discretion by assigning the exemption to Toby. Therefore, we must remand this matter for entry of additional factual findings on this issue.
VI. Division of Property
Lastly, Jolie takes issue with the trial court's assignment of both marital vehicles to Toby. KRS 403.190(1) directs the trial court to divide the marital property in "just proportions," without regard to marital misconduct. The statute does not require an equal division of property. Lawson v. Lawson , 228 S.W.3d 18, 21 (Ky. App. 2007). However, the statute sets out several relevant factors to consider in dividing marital property, including:
(a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;
(b) Value of the property set apart to each spouse;
(c) Duration of the marriage; and
(d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.
KRS 403.190(1)(a)-(d).
The trial court has wide discretion in dividing marital property based upon a proper consideration of these factors, and we may not disturb the trial court's ruling on property division issues unless the trial court has abused its discretion. Davis v. Davis , 777 S.W.2d 230, 233 (Ky. 1989).
As noted above, the parties had two vehicles: a 2014 Toyota Sienna van that was in Toby's possession, and a 2002 Ford Explorer Sport Trac that was in Jolie's possession. Jolie testified that she did not use the Explorer often because the children's car seats do not fit all in the back seat. She further testified that her parents provided her with the use of one of their vehicles when she needs to transport the children. In addition, Jolie testified that she previously had possession of the Toyota van, but she agreed to switch vehicles with him while this action was pending.
Except for the limited utility of the Explorer to Jolie and the availability of another vehicle for her use, the DRC's findings do not specify how the award of both vehicles to Toby constitutes a just division of the limited marital property in this case. We agree with Jolie that her parents' decision to provide her with the use of another vehicle is not a relevant factor in the division of marital property. And while the Explorer may be of limited utility to her while the children are young, it may become more useful as the children get older. Lastly, the equity in each vehicle is roughly the same, and apart from Toby's pension, there are no other marital assets to divide. Under the circumstances, we must *18 conclude that the trial court's assignment of the Explorer to Toby was an abuse of discretion.
VII. Conclusion
Accordingly, we reverse the judgment of the Meade Circuit Court with respect to its assignment of the dependent-child tax exemptions and the award of the Ford Explorer to Toby. We remand this matter with directions to enter additional factual findings concerning the assignment of the tax exemptions, and to award the Ford Explorer to Jolie. In all other respects, we affirm the judgment of the Meade Circuit Court.
ALL CONCUR.

Poe v. Poe , 711 S.W.2d 849 (Ky. App 1986).

Kentucky Revised Statutes.

The concurring judge on the panel strongly disagreed with this view. Id. at 233-34 (VanMeter, Judge, concurring).

On the other hand, Retherford also held that the factual findings adopted by the trial court failed to address several key and controlling issues and were therefore inadequate. Id. at 233. The sufficiency of the factual findings entered by the trial court, whether adopted from tendered findings or made by the court, is always a matter for review on appeal.

We note that KRS 403.270 was amended by the General Assembly in 2018, but we utilize the version of the statute in effect when this action was brought.

See 26 C.F.R. § 1.152-4(d)(4)"If a child is in the custody of one or both parents for more than one-half of the calendar year and the child resides with each parent for an equal number of nights during the calendar year, the parent with the higher adjusted gross income for the calendar year is treated as the custodial parent."

The parenting schedule provides that each parent has 84 hours per week with the children. However, Toby has the children Thursday morning through Sunday afternoon, while Jolie has the children Sunday evening until Thursday morning. The order also includes special arrangements for summer vacation, but still grants equal timesharing during those periods.