RENDERED: JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0498-ME

CONNIE LYNN MCDANIEL                                        APPELLANT

APPEAL FROM LAUREL CIRCUIT COURT
v.          HONORABLE STEPHEN M. JONES, JUDGE
ACTION NO. 10-CI-01250

RICK T. MCDANIEL                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Connie Lynn McDaniel ("Connie") appeals from the

March 6, 2020 order of the Laurel Circuit Court, Family Division denying her

motion to modify and extend maintenance. We affirm.

## BACKGROUND

Connie and Rick T. McDaniel ("Rick") were married in 1980. In

2010, Rick petitioned for dissolution of the marriage. In response, Connie

requested maintenance. The parties entered a mediation agreement which, in part, required Rick to pay maintenance in the amount of $400.00 per month for two years, as well as a lump sum of $5,000.00. Subsequently, Connie filed a motion to set aside the portion of the mediation agreement relating to maintenance for unconscionability. The family court entered a bifurcated decree of dissolution of marriage on December 19, 2011, reserving the issue of whether the mediation agreement would be set aside.

On March 20, 2012, the family court entered an agreed order modifying the mediation agreement, awarding Connie maintenance in the amount of $500.00 per month for five years. Therein, the parties also agreed the maintenance award was "subject to modification both as to duration and amount, pursuant to KRS[1] 403.250[.]" Record ("R.") at 667. Rick's monthly maintenance payments expired in March 2017.

In April 2017, Connie filed a motion to modify and extend the maintenance award. As grounds for modification, Connie argued at the time she agreed to the prior maintenance amount, she was receiving unemployment benefits but anticipated returning to work once those benefits expired. However, in the interim, she developed several health conditions which have caused her to become totally disabled and unable to work.

---

[1] Kentucky Revised Statutes.

-2-

On November 21, 2017, without a hearing, the family court denied Connie's motion because she failed to show changed circumstances so substantial and continuing as to make the terms of the agreed order unconscionable. R. at 857. Connie appealed. On appeal, Connie argued the family court abused its discretion by denying her motion without a hearing and erroneously adopted Rick's counsel's proposed order verbatim. Rick did not file a responsive brief. This Court held:

> In accordance with CR[2] 76.12(8)(c)(iii), we elect to regard Rick's failure to file a brief as a confession of error as to the family court's failure to hold an evidentiary hearing. Moreover, following an independent review of the record, we conclude that an evidentiary hearing should have been held on the issue of maintenance. On remand, following an evidentiary hearing, the family court should enter sufficient and independent findings of fact to support its final determination based on the evidence presented.

*McDaniel v. McDaniel*, No. 2017-CA-002023-MR, 2019 WL 1312841, at *2 (Ky. App. Mar. 22, 2019).

On remand, the family court held an evidentiary hearing on Connie's motion. The court heard testimony from both parties. Rick testified to his income from working for Laurel Grocery, various debts, expenses, and his 2016 bankruptcy. Connie testified to her health issues, occasional work as a babysitter for her grandchildren, and transportation issues, as well as her expenses, disability

---

[2] Kentucky Rules of Civil Procedure.

income, and retirement income. At the close of evidence, the family court asked counsel for both parties to submit proposed findings of fact. Both parties did so, and the family court entered Rick's proposed findings of fact and order.

The court found, based on the evidence presented, that Connie failed to show changed circumstances so substantial and continuing as to make the terms of the 2012 agreed order unconscionable. R. at 1216. Specifically, the court found Connie's living expenses had been "greatly reduced" since the parties' divorce, and she did not prove her vehicle was now inoperable. R. at 1216-17. The family court was unconvinced by Connie's claims relating to her health and timing of her various diagnoses because she failed to provide expert testimony or records to substantiate her disability. R. at 1217. This appeal followed.

## STANDARD OF REVIEW

"The determination of questions regarding maintenance is a matter which has traditionally been delegated to the sound and broad discretion of the [family] court, and an appellate court will not disturb the [family] court absent an abuse of discretion." *Barbarine v. Barbarine*, 925 S.W.2d 831, 832 (Ky. App. 1996) (citations omitted). "The test for abuse of discretion is whether the [family] judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Holland v. Herzfeld*, 610 S.W.3d 360, 363 (Ky. App. 2020) (citation omitted). A family court's findings of fact may only be set aside if they are clearly

erroneous. *Block v. Block*, 252 S.W.3d 156, 159 (Ky. App. 2007) (citation omitted). "We cannot substitute our judgment for the family court's if there is substantial evidence supporting that court's decision." *Id*.

## ANALYSIS

On appeal, Connie argues: (1) the family court's findings of fact are clearly erroneous; (2) the family court erred in concluding she had not shown a change in circumstances justifying modification of maintenance; and (3) the family court erred by entering Rick's proposed findings of fact and order.

An order on maintenance "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." KRS 403.250. The party seeking modification bears the burden of proving such a change in circumstances. *See Bickel v. Bickel*, 95 S.W.3d 925, 927 (Ky. App. 2002).

First, Connie argues the family court's findings of fact regarding her expenses, health, and ability to work are clearly erroneous. This Court will not disturb factual findings which are supported by substantial evidence. *Block*, 252 S.W.3d at 159 (citation omitted). Substantial evidence is that which, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnote omitted).

As to Connie's expenses, the family court found, prior to the divorce and when she agreed to the prior maintenance amount, Connie attested to monthly expenses of $3,729.10 and anticipated her monthly expenses after divorce to be $3,804.10. During the hearing on her motion to modify maintenance, Connie testified to her current monthly expenses being $1,250.00 to $1,343.00.[3] On this basis, the court found Connie's expenses had been greatly reduced.

Connie argues these findings are erroneous because, at the time of the prior agreement, her monthly expenses were approximately the same as her current expenses. However, in support of this allegation, Connie cites only to her 2017 motion to modify maintenance, which lists her monthly expenses as $1,600.00. While the motion may accurately reflect Connie's 2017 expenses, it does not prove her expenses at the time she entered into the 2012 maintenance agreement. In making its findings, the family court cites to Connie's memorandum in support of her motion to set aside the mediation agreement filed on August 24, 2011. Therein, Connie's monthly expenses are listed as $3,729.10 per month prior to the divorce and $3,804.10 per month anticipated after the divorce. R. at 1213. Without citation to contradictory evidence as to Connie's expenses at the time she

---

[3] She first testified to a list of her monthly expenses for July 2019 which totaled $1,250.00. She then presented a second list of expenses for November 2019 which totaled $1,343.00. R. at 1095-96.

agreed to maintenance in 2012, we cannot determine the family court's findings are clearly erroneous.

Next, the family court was not convinced by Connie's testimony regarding her medical conditions or the time at which they were diagnosed in relation to the 2012 agreement. The court found "[s]he admitted that some of her medical problems were present at the time she entered into the agreement. She produced no expert testimony or records to substantiate her claim of medical problems or when they started." R. at 1217. At the hearing, Connie testified to having rheumatoid arthritis, osteoarthritis, gout, degenerative disc disease, migraines, acid reflux, high blood pressure, and fibromyalgia. She admitted to having been diagnosed with some of these conditions prior to entering into the 2012 agreement.

Connie alleges that, while she was diagnosed with some of the medical conditions prior to the 2012 agreement, there is no evidence in the record showing she was totally disabled at that time or that she could have expected to be when she entered into the agreement. Connie is correct. In fact, the record contains no evidence, other than Connie's own testimony, as to her medical diagnoses or the Social Security Administration's determination of disability. It is the movant's burden to present compelling evidence supporting modification of maintenance. *Barbarine*, 925 S.W.2d at 832 (citation omitted). Furthermore,

-7-

judging the credibility of witnesses and weighing evidence is within the family court's exclusive province. *Moore*, 110 S.W.3d at 354 (footnotes omitted). Therefore, the family court acted within its discretion in finding Connie's testimony insufficient without any corroborating testimony or documentation.

Connie also contests the family court's finding that she is able to obtain gainful part-time employment. Despite claiming evidence in the record contradicts the court's findings, Connie's argument is entirely devoid of citations to this matter's lengthy record.

> It is fundamental that it is an [a]ppellant's duty and obligation to provide citations to the record regarding the location of the evidence and testimony upon which he relies to support his position and if an appellant fails to do so, we will accordingly not address it on the merits.

*Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019) (internal quotation marks and footnote omitted); *see also* CR 76.12(4)(c)(v). On this basis, we decline to address the merits of Connie's argument as to her ability to work part-time.

Next, Connie claims the family court erred in finding there was no change in circumstances so substantial and continuing as to make the 2012 agreement unconscionable. An agreement is unconscionable if it is "manifestly unfair or inequitable." *Block*, 252 S.W.3d at 160 (citation omitted). To determine whether there has been a substantial and continuing change in circumstances, the court must compare the parties' present circumstances to their circumstances at the

-8-

time they entered into the agreement. *Id.* (citation omitted). In this inquiry, "each case stands on its own" and must be reviewed separately on its own facts. *Id.* at 160-61 (citation omitted).

Rick has been employed by Laurel Grocery for nineteen years. His income has remained the same since the parties entered into the 2012 agreement on maintenance. He is paid $921.36 per week. In 2016, Rick filed for bankruptcy. He also presently makes payments on a loan from Cumberland Valley National Bank and another associated with a 1989 boat. Rick has six to seven credit cards on which he makes regular monthly payments. He lives in his mother's home and has no mortgage obligation but is responsible for all utilities, maintenance, and taxes associated with the property.[4] Rick testified to living paycheck to paycheck.

As previously discussed, prior to the 2012 agreement, Connie alleged monthly expenses of $3,729.10 to $3,804.10. At the hearing, she testified to present expenses of $1,250.00 to $1,343.00 per month.[5] Within these expenses, she lists $160.00 to $208.00 per month to pay drivers because she does not drive the 2005 Impala she was awarded in the divorce. She also lists $140.00 to $150.00

---

[4] Rick's mother is currently ill and receiving hospice care. He testified that, upon her death, the home will be sold.

[5] As evidence of her expenses, Connie presented only a list she created herself. As noted by the family court, she did not provide any bills, receipts, or other documentation to verify these expenses. R. at 1215.

per month for rental of a storage building which she conceded is an unnecessary expense as it primarily contains "junk."

At the time of the agreement, Connie was receiving $1,166 per month in unemployment income. Connie receives $1,277.27 per month from the Social Security Administration and $246.27 per month in retirement income. Connie also received funds for babysitting her grandchildren in the amount of $130.00 to $200.00 per month for some of 2019. Connie alleges the only changes to her circumstances are that she is now totally disabled, and the 2005 Impala is no longer functional. She is essentially requesting extension of Rick's maintenance obligation so that she can purchase and insure a vehicle.

Since the 2012 agreement on maintenance, Connie's expenses have decreased.[6] Her income has increased only slightly since that time. The family court was unconvinced by her testimony relating to her health because she presented no medical records or expert testimony to prove her diagnoses or the time at which they were made. As to the 2005 Impala, Connie did not present the family court with evidence proving it is not operational. Instead, she simply stopped driving it when the "engine light" came on.

---

[6] Even if we accepted her argument regarding her expenses, they have, by her admission, not increased since 2012.

Taking into consideration all the facts in this matter, Connie has not met her burden under KRS 403.250. Connie did not present sufficient evidence to show she is now totally disabled or that she did not suffer from the same medical conditions of which she now complains when she entered into the 2012 agreement. She also proved only that she stopped driving the 2005 Impala and never attempted to have it repaired. We cannot determine there has been a substantial and continuing change in circumstances which would render the 2012 maintenance agreement manifestly unjust or inequitable. On this basis, the family court did not err.

Finally, Connie takes issue with the family court's adoption of Rick's proposed findings of fact and order. The Supreme Court of Kentucky has previously cautioned that delegation of a court's power to make findings of fact and draw conclusions is not good practice. *Bingham v. Bingham*, 628 S.W.2d 628, 629 (Ky. 1982) (citation omitted). This is because trial courts are required to make independent findings of fact under CR 52.01. However, "[i]t is not [an] error for the trial court to adopt findings of fact which were merely drafted by someone else." *Prater v. Cabinet for Human Resources*, 954 S.W.2d 954, 956 (Ky. 1997) (citation omitted).

Herein, like in *Prater*, the family court requested both parties submit proposed findings of fact and both did so. Connie has not shown the family court

-11-

was not in control of the decision-making process, nor that the order was not the product of the family court's deliberations. *Bingham*, 628 S.W.2d at 629-30. Furthermore, as previously discussed at length, substantial evidence supports the family court's findings of fact and conclusions of law and, absent an abuse of discretion, findings and conclusions are not easily set aside. *Id*. at 630.

## CONCLUSION

Based on the foregoing, the March 6, 2020 order of the Laurel Circuit Court, Family Division is affirmed.

DIXON, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Marcia A. Smith
Corbin, Kentucky

BRIEF FOR APPELLEE:

Jennifer S. Nicholson
London, Kentucky