RENDERED:  OCTOBER 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0862-MR

ASHLEY MARIE LUNA                                                      APPELLANT

v.
                APPEAL FROM CALLOWAY CIRCUIT COURT
                HONORABLE STEPHANIE J. PERLOW, JUDGE
                ACTION NO. 20-CI-00267

LUCIO MANUEL LUNA-
CERVANTES                                                              APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, TAYLOR, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Ashley Marie Luna (hereinafter "mother") appeals from

the Calloway Family Court's denial of her motion for reconsideration of the

allocation of the tax exemption for the minor child she shares with Lucio Manuel

Luna-Cervantes (hereinafter "father").  We vacate and remand.

## FACTS

The Calloway Family Court entered a decree of dissolution of marriage granting the mother the primary physical custody of the minor child of the parties. The father, who had not seen the child for approximately six months at the time of the entry of dissolution, was granted visitation. Additionally, the mother was granted the ability to claim the tax exemption for the child on her taxes in even years, the father in odd years.

Following the entry of the dissolution order, the mother moved for modification, arguing that the court abused its discretion in granting the father the ability to claim the child on his taxes in odd years as she was granted physical custody of the child and the IRS[1] Code provides the custodian of the child shall have the right to claim the child. The trial court denied her motion, and she appeals. We vacate and remand this matter back to the trial court. The trial court shall conduct an evidentiary hearing and make written findings of fact and conclusions of law regarding the issue of which parent shall claim tax exemption for the minor child and how that benefits the minor child.

## STANDARD OF REVIEW

We review the decision of a family court in assigning a child tax exemption for an abuse of discretion. "Discretion, even in determining equity, or

---

[1] Internal Revenue Service.

best interests, must have a reasonable and meaningful basis if we are not to undermine the integrity of judicial decisions and thereby erode public faith in the judiciary." *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767, 784 (Ky. 2015).

## ANALYSIS

The sole issue for our review in this matter is the family court's denial of the mother's motion for a modification of that portion of the court's order which granted the father the right to claim the child on his taxes in odd years, despite the fact that the mother was granted primary physical custody.

We note that the father failed to file a brief in this matter. Kentucky Rule of Civil Procedure ("CR") 76.12(8)(c) provides the following remedies to the Court when a party fails to file a brief: "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." First, we note that we are not compelled to select one of these options but may do so. "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). We will accept the mother's statement of facts as correct, as supported by the findings of the family court and the record on appeal. "Where those facts

conflict with findings of fact by the trial court, however, we may accept them only where we can say that the trial court's findings are clearly erroneous." *Whicker v. Whicker*, 711 S.W.2d 857, 858 (Ky. App. 1986).

Typically, and under the Internal Revenue Code,[2] it is the parent with primary physical custody of the child who is considered the custodial parent and has the right to the exemption. Of course, the parties can agree to a modification of this scheme, but a court must take caution when granting a noncustodial parent the right to the exemption.

> In *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767, 783 (Ky. 2015), our Supreme Court cautioned that the allocation of a federal tax exemption is not a matter solely within the discretion of the trial court but is subject to Internal Revenue Code and accompanying regulations. *Id.* at 781-82. Consequently, a trial court must do more than simply look to which parent has the highest income, or divide the exemptions, or direct the parties to take the exemption in alternate years. *Id.* at 784.
>
> Nevertheless, the Court also recognized that Kentucky courts retain the discretion to allocate the tax

---

[2] *See* 26 [United States Code (U.S.C.)] § 152(e) (assigning exemption to "custodial" parent); 26 [Code of Federal Regulations (C.F.R.)] § 1.152-4 ("The custodial parent is the parent with whom the child resides for the greater number of nights during the calendar year, and the noncustodial parent is the parent who is not the custodial parent."). Those provisions, however, allow the "noncustodial" parent to receive the exemption if the "custodial parent" signs a written waiver declining to claim the exemption. 26 U.S.C. § 152(e)(2).

*Adams-Smyrichinsky*, 467 S.W.3d at 781-82 (footnote omitted).

exemption based upon a finding that it would be in the best interest of the child. *Id.* at 783. So long as a trial court can articulate a sound reason why awarding the exemption to the noncustodial parent actually benefits the child, an appellate court generally will not disturb the trial court's discretion. *Id.* at 783-84. In this case, the DRC [Domestic Relations Commissioner] noted that the Internal Revenue Code and regulations generally assign the exemption to the parent with whom the child resides for the greater number of nights in the calendar year. *Citing* 26 U.S.C. § 152(e)(4)(A); 26 C.F.R. § 1.152-4. But as the DRC noted, these rules are not inflexible.

*Keith v. Keith*, 556 S.W.3d 10, 16 (Ky. App. 2018) (footnotes omitted).

In the present case, the family court cited no reason for so allocating.

It should be clear that assigning a *federal* tax exemption to a party who is not entitled to it under the Internal Revenue Code, or even when the court does not know who is entitled, cannot be taken lightly, if for no other reason than that the Supremacy Clause applies, and courts in good faith should recognize this. Indeed, this is why a minority of jurisdictions have held that the exemption cannot be allocated by a court.

*Adams-Smyrichinsky*, 467 S.W.3d at 783. The sole reason provided in the order for granting the father the exemption in odd-numbered years was the fact that the child would be spending visitation periods with the father. Such is simply insufficient to conclude that the child would benefit from the grant of the exemption to the father, particularly when the father is not in the country for long periods of time so as to enjoy visitation with the child. On remand, the family

court should be guided by our holding in *Keith*, *supra*, and articulate a reason for why awarding the exemption to the father actually benefits the child.

**CONCLUSION**

We vacate the order of the family court denying the mother's motion for modification of that portion of the order relating to the child tax exemption and remand this matter for proceedings consistent with this Opinion.  In any forthcoming order, the family court should provide facts sufficient to support its justification for not granting the custodial parent the tax exemption on an annual basis.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Allison S. Whitledge
Rebecca P. Biehslich
Fulton, Kentucky