RENDERED: JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1173-MR

ANNIE SMITH                                                            APPELLANT

v.                   APPEAL FROM BOYD CIRCUIT COURT
                     HONORABLE JOHN F. VINCENT, JUDGE
                     ACTION NO. 21-CI-00638

JOSHUA SMITH                                                            APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT,
JUDGES.

ECKERLE, JUDGE: Annie Smith ("Mother") appeals from an order of the Boyd

Circuit Court which granted the post-judgment motion of Joshua Smith ("Father")

to modify the parties' timesharing agreement. Mother argues that the Trial Court

failed to apply properly the best-interests-of-the-child standard required for

modification to shared parenting-time. We agree that the findings are insufficient

to determine whether the Trial Court applied the proper standard.  Hence, we reverse and remand for additional findings.

Mother and Father were married in 2013 and separated in 2021.  One child, L.T.S. ("Child") was born of the marriage in 2015.  Father filed a petition for dissolution of the marriage on October 26, 2021.  At the time of the filing of the petition, the parties had entered into a written separation agreement ("the Agreement") resolving all of the issues related to the dissolution, including custody and timesharing.  On that issue, the parties agreed to have joint custody of Child, with Mother being the primary residential custodian.

The Agreement further provided that Father shall have timesharing Saturday 9:00 a.m. through Monday at 8:30 a.m., weekly, with Mother receiving one weekend per month with Child.  The parties further acknowledged that "additional timesharing may be arranged based on each parties [*sic*] work schedule."  The Agreement further stated that the parties "agree to work together to equally divide holidays."  In the event of a disagreement on timesharing during the holidays, the parties agreed to follow Local Timesharing Guidelines.  The parties agreed to divide the child income-tax credit in alternating years.  And finally, "[b]ased on the incomes of the parties, joint custody, and equal timesharing, the parties agree to waive child support."

The Trial Court entered a decree incorporating the Agreement on January 4, 2022. However, the parties soon had disagreements regarding timesharing. On April 1, 2022, Mother filed a motion to modify the Agreement. She specifically requested that she be awarded child support and that she be allowed to claim Child as a dependent for income-tax purposes every year. After filing his response to this motion, Father also filed a motion to modify timesharing. Father stated that Mother was interfering with the exercise of his timesharing. Consequently, he requested that the Court set a specific schedule with alternating-week custody.

The Trial Court assigned the motions to a hearing before a Domestic Relations Commissioner ("DRC"), who held a hearing on May 12, 2022, but did not take any evidence. Following the hearing, the DRC issued a report recommending that the parties exercise timesharing on a week-to-week basis until a full hearing could be scheduled. The DRC also recommended that Mother shall claim the tax exemption for Child for the 2022 tax year.

Mother filed objections to the DRC's report, which the Trial Court sustained in part. In an order entered on June 3, 2022, the Court specified that the parties' week-to-week timesharing shall run from June 1, 2022, until July 31, 2022, or until the DRC hearing. The Court otherwise adopted the DRC's recommendations.

The matter was scheduled for a hearing on August 3, 2022. Mother testified that she was opposed to equal timesharing because she did not believe Father was seeking it for the right reasons. Mother stated that she and Child have a very close relationship. She also testified that Child did not feel comfortable at Father's house. Mother did not specify the alleged difficulties that Child was having, but stated her belief that Father was too strict with Child. Mother stated that she believed shared parenting time would deprive Child of a stable home, and thus she did not want the week-to-week schedule. She stated that Child stays with her parents on days when she is working.

Mother agreed that Father was a good parent and she had no objection to him having timesharing with Child. Mother also admitted that she often delayed turning Child over to Father for timesharing because Child was sleeping. Finally, Mother stipulated that she was no longer seeking child support.

In his testimony, Father testified that he had recently changed positions, and his work schedule was now flexible enough to allow him to have custody of Child during the week. On days he is scheduled to work, he drops off Child at school, and then his parents pick up Child after school. Father believes that it is in Child's best interest to have a relationship with both sets of grandparents and to spend as much time possible with each parent.

Father also stated that Mother has been uncooperative with holiday visitation and the additional timesharing set out in the Agreement. He stated that, while Mother allowed him to make up days missed for weekend timesharing, she did not allow him any additional timesharing beyond the weekend visitation. Father said he "often" had problems getting Child on time, and he frequently had to ask for visitation. He believed that the summer timesharing has been better because there is a consistent schedule. Father believes that Mother was manipulating the timesharing and refusing him additional timesharing as contemplated by the Agreement.

Father also stated that Child has his own bed at his house. He does not believe it is appropriate for Child to sleep in bed with either parent. He also believes that Child needs more consistent rules at home. Father testified that he believed the intent of the Agreement was to equalize the timesharing based on the parties' work schedules. Father further testified that he is able to provide consistency and stability for Child. And finally, Father was agreeable to a right of first refusal if the week-to-week arrangement continued.

The DRC issued her report on August 12, 2022. After reviewing the evidence, the DRC recommended that the parties continue joint custody with equal timesharing on a week-to-week basis. The DRC also set out a specific schedule for

holiday visitation. And the DRC recommended that Mother have the child credit for 2022, and then the parties would alternate claiming the credit.

Mother filed objections to the DRC's report, arguing that the DRC failed to apply KRS[1] 403.270 and 403.320 properly. Mother also argued that the DRC failed to apply the best-interests standard correctly. Mother also took exception to the DRC's recommendations regarding the right of first refusal and the allocation of the tax credit. The Trial Court overruled Mother's objections and entered an order confirming the DRC's report on August 26, 2022. This appeal followed.

A modification of custody is governed by KRS 403.340, and when made within two years of the original custody decree, requires at least two affidavits stating that there is reason to believe either that "[t]he child's present environment may endanger seriously his physical, mental, moral, or emotional health" or that "[t]he custodian appointed under the prior decree has placed the child with a *de facto* custodian." KRS 403.340(2). However, when only modification of timesharing or visitation is sought, then KRS 403.320 applies. *Pennington v. Marcum*, 266 S.W.3d 759, 765 (Ky. 2008). KRS 403.320(3) allows

---

[1] Kentucky Revised Statutes.

a court to modify timesharing or visitation "whenever modification would serve the best interests of the child[.]"

Unlike the requirements for an initial determination of custody under KRS 403.270 or a modification of custody under KRS 403.340, KRS 403.320 does not impose a presumption of joint custody and equal parenting time. *Layman v. Bohanon*, 599 S.W.3d 423, 430 (Ky. 2020). Rather, KRS 403.320(3), authorizes a court to modify timesharing if it is in the best interests of the child. But under the statute, a court can only order a "less than reasonable" timesharing arrangement if the child's health is seriously endangered. *Layman*, 599 S.W.3d at 430.

In this case, Mother does not allege that the modified timesharing was "less than reasonable." Rather, she argues that the DRC and the Trial Court improperly presumed that equal timesharing would be in Child's best interest. She also argues that the DRC did not set out the manner in which equal timesharing would be in Child's best interests. Consequently, Mother maintains that the Trial Court abused its discretion by granting equal timesharing to Father.

We agree with Father that the Trial Court had wide discretion to modify timesharing if it was in the best interest of Child. *Pennington*, 266 S.W.3d at 769. In addition, it is apparent that some modification was in order due to the lack of a set schedule for the discretionary timesharing set out in the Agreement. The DRC noted that "[t]here has been no evidence or testimony presented that

equal timesharing would be contrary to the best interest of the minor child." The DRC also expressed the opinion that Child should be sleeping in his own bed, and that both parents should enforce a consistent bedtime for Child. The DRC then concluded that equal timesharing would be in Child's best interests.

As discussed in *Layman*, *supra*,

> There is no set formula for determining whether a modified timesharing arrangement is reasonable; rather, it is a matter that must be decided based upon the unique circumstances of each case. For example, it does not necessarily mean that a parent has less than reasonable timesharing just because he or she spends less time with the child than under the original timesharing arrangement.

*Id.* at 432 (citations omitted).

On the other hand, *Layman* also makes it clear that the Trial Court may not simply presume that equal timesharing would be in Child's best interests on a motion to modify timesharing. *Id.* at 431. Here, the DRC did not address the manner in which granting equal timesharing would be in Child's best interest. Moreover, as the moving party for this modification, Father had the burden of proving that equal timesharing would be in Child's best interest. *See N.B. v. C.H.*, 351 S.W.3d 214, 226 (Ky. App. 2011). It is not clear whether the DRC applied an improper presumption or concluded that the circumstances made equal timesharing in the Child's best interests. Because KRS 403.320(3) specifically requires the latter finding, that question is essential to the judgment. *Keifer v. Keifer*, 354

S.W.3d 123, 126 (Ky. 2011) (citing *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011)). Consequently, we must remand this matter for additional findings on that issue.

Mother also complains that the Trial Court failed to set out a right of first refusal even though both parties agreed that it would be appropriate if the shared custody arrangement continued. Since we are remanding for additional findings, we need not reach this question.

Lastly, Mother argues that the child tax credit should be allocated entirely to her if she remains as Child's primary residential custodian. Again, we need not reach this question. However, we must point out that the allocation of a federal tax exemption is not a matter solely within the discretion of the trial court, but is subject to the Internal Revenue Code and accompanying regulations. *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767, 782-83 (Ky. 2015). Consequently, a trial court must do more than simply look to which parent has the highest income, or divide the exemptions, or direct the parties to take the exemption in alternate years. *Id.* at 784. On the other hand, where both parties qualify for the deduction, the Trial Court retains the discretion to allocate the exemption equally if it is in the best interests of the child. *Id.* at 783-84. *See also Keith v. Keith*, 556 S.W.3d 10, 16 (Ky. App. 2018).

Accordingly, we reverse the order of the Boyd Circuit Court and remand for additional findings on whether modification of timesharing would be in Child's best interests based on the facts and circumstances of this case.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey D. Hensley
Russell, Kentucky

BRIEF FOR APPELLEE:

Natasha L. Kinnan
Catlettsburg, Kentucky